# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| CAPITAL SENIOR LIVING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:22-cv-00606 |
| ) | |
| HEATHER BARNHISER, ELLIE SELDERS, ) | |
| MERIDIAN SENIOR LIVING, LLC, and ) | |
| MAUMEE POINTE, LLC, ) | |
| ) | |
| Defendants. ) | |

**ANSWERS AND OBJECTIONS OF DEFENDANT HEATHER BARNHISER TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR
PRODUCTION OF DOCUMENTS AND THINGS**

Defendant Heather Barnhiser, by and through her undersigned counsel, submits the following Answers and Objections to Plaintiff's First Set of Interrogatories and Request for Production of Documents and Things:

**PRELIMINARY STATEMENT**

These responses are made solely for the purpose of, and in relation to, the above-captioned action. Each response is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds that would require the exclusion of any statement herein if any request were asked of, or if any statement contained herein were made by, any witness testifying in court, either in person or by way of deposition, all of which objections and grounds are reserved and may be interposed at the time of trial. In responding to these Interrogatories and Request for Production of Documents and Things, Defendant Barnhiser does not waive any proper objection to the use or introduction into evidence of her responses or information provided therein.

-1-

Defendant Barnhiser reserves the right to amend or supplement her objections or responses. These responses are made without prejudice to Defendant Barnhiser's right to develop and use other information not provided herein, including without limitation subsequently discovered information and information presently known to Defendant Barnhiser but whose specific relevancy, significance or applicability to the subject matter of this lawsuit has not yet been ascertained at any evidentiary hearing or trial regarding this matter.

Inadvertent disclosure of information by Defendant Barnhiser does not and shall not constitute waiver of any applicable privilege, nor should disclosure of information be construed to waive any objection to the admission of information in evidence, including without limitation that of relevancy.

All of the responses to the Interrogatories and Request for Production of Documents and Things are subject to the foregoing statements.

## GENERAL OBJECTIONS

1.     Defendant Barnhiser objects to these Interrogatories and Request for Production of Documents and Things to the extent that they are vague and ambiguous.  Defendant Barnhiser's answers to each Interrogatory and Request for Production of Documents and Things are based on her understanding and interpretation thereof.  To the extent that Plaintiff later asserts a different understanding, Defendant Barnhiser reserves her right to supplement or amend her responses.

2.     Defendant Barnhiser generally objects to these Interrogatories and Request for Production of Documents and Things to the extent that they seek information unavailable at this stage of the proceedings.  Each of Defendant Barnhiser's responses is made subsequent to a diligent search and reasonable inquiry.  However, Defendant Barnhiser has not yet completed written discovery, depositions, or her investigation of the facts underlying this lawsuit.  It is

anticipated that further discovery, investigation, legal research, and analyses will supply additional facts, add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes in, and variations from the contentions set forth herein.  Accordingly, the answers set forth herein are provided without prejudice to Defendant Barnhiser's right to produce evidence of any subsequently discovered facts or interpretations thereof, and/or to add, modify or otherwise change or amend the answers herein. The information hereinafter set forth is true and correct to the best of Defendant Barnhiser's knowledge at this particular time, but is subject to correction for inadvertent errors or omissions, if any such errors or omissions are later found to exist.  Except for facts explicitly admitted herein, no admission of any nature whatsoever is implied by or to be inferred from the responses.

3.     Defendant Barnhiser generally objects to these Interrogatories and Request for Production of Documents and Things to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other rule of privilege or confidentiality provided by law.  Defendant Barnhiser will not provide such information in response to any Interrogatories and Request for Production of Documents and Things.

4.     Each answer is given subject to all appropriate objections (including but not limited to, objections concerning competency, relevancy, materiality, proprietary and admissibility) which would require the exclusion of any response, document or thing produced at the time of trial or any evidentiary hearing.  All such objections and grounds are reserved and may be made at any evidentiary hearing, trial or arbitration regarding this matter.

Subject to and without limiting these General Objections, which are hereby incorporated by reference into each response set forth below, whether or not specifically referenced in each

-3-

response, Defendant Barnhiser responds to Plaintiff's First Set of Interrogatories and Request for

Production of Documents and Things as follows:

## ANSWERS AND OBJECTIONS TO INTERROGATORIES

**Interrogatory No. 1:**  Identify the documents You reviewed in preparing the answers and responses to these Discovery Requests and the documents reviewed by each and every person with whom You consulted or upon whom You relied or who otherwise constituted a source of information for You in connection with the preparation of Your answers and responses to these Discovery Requests, listing with respect to each and every document the Discovery Request to which such document has relevance.

     **ANSWER:**  Defendant Barnhiser objects to Interrogatory No. 1 to the extent it seeks

information protected from disclosure by the attorney-client privilege and/or work product

doctrine.  Subject to and without waiving the foregoing and the General Objections, Defendant

Barnhiser refers Plaintiff to Defendants' joint production of documents.  Further, Defendant

Barnhiser provides she conferred with in-house and outside counsel for Defendants in preparing

her Answers and Objections as stated herein.  Defendant Barnhiser reserves her right to supplement

this Interrogatory as discovery continues.

**Interrogatory No. 2:**  State whether You have entered into any oral or written agreement with Capital Senior and, if so, identify the date of any and all such agreements and state whether such agreements are written or oral.

     **ANSWER:**  Defendant Barnhiser objects to Interrogatory No. 2 to the extent it seeks

information already in Plaintiff's possession.  Defendant Barnhiser further objects that the term "oral

or written agreement" is vague, ambiguous, and undefined.  Subject to and without waiving the

foregoing and the General Objections, Defendant Barnhiser states she executed an employment

agreement with Capital Senior on December 14, 2020, which Plaintiff affixed to its Complaint as

Exhibit A.  Aside from the aforementioned employment agreement, Defendant Barnhiser directs

Plaintiff to Bates-labeled document JOINTDEFS_000000189.

**Interrogatory No. 3:**  Identify each position of employment, or any other business activity, You have held or engaged in since You became employed by Capital Senior, and for each position of employment or business activity include:

a. Your date of hire or placement in the position identified and the termination date, if applicable;

b. The name and address of Your employer or business associate(s);

c. Your duties and responsibilities;

d. Your salary or compensation for each position held, including any bonuses or commissions or other such forms of compensation You were or are eligible to receive; and

e. The reasons for terminating such employment or business activity.

**ANSWER:**  Defendant Barnhiser objects to Interrogatory No. 3 on the ground it is overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case. Specifically, Interrogatory No. 3 seeks information pertaining to employment or engagement of Defendant Barnhiser during and after her employment with Capital Senior.  Outside of Defendant Barnhiser's employment with Meridian, this information is not relevant to the allegations in the Complaint and is unrelated to any Party's claims and/or defenses in this Litigation.  Defendant Barnhiser also objects to Interrogatory No. 3 on the basis that its subparts are actually multiple interrogatories inappropriately grouped as one interrogatory, and further objects to these Interrogatories generally to the extent Plaintiff exceeds its permitted interrogatories under Federal Rule of Civil Procedure 33.  Defendant Barnhiser further objects to this Interrogatory on the grounds it seeks "salary or compensation information" from her current employer, which is confidential and competitively sensitive information and not related to any of the allegations in the Complaint.

Subject to and without waiving the foregoing and the General Objections, Defendant Barnhiser states (a) she was hired by Meridian in the fall of 2021 as the Executive Director of Maumee Pointe; (b) Maumee Pointe is located at 1050 Medical Ctr Pkwy, Maumee, OH 43537; (c)

as the Executive Director of Maumee Pointe, Defendant Barnhiser is in charge of overseeing the day-to-day operations of the facility, ensuring compliance with all applicable laws, and managing the individuals in charge of hiring, training, and supervision of staff; (d) Defendant Barnhiser directs Plaintiff to Bates-labeled documents JOINTDEFS_000000069-71 and 280-86; and (e) in January 2023, Distinctive Senior Living took over Maumee Pointe's operations and subsequently employs Defendant Barnhiser in the same role for Maumee Pointe. Defendant Barnhiser further states she left The Waterford for a better opportunity with Maumee Pointe.

**Interrogatory No. 4:**  State whether You have entered into any oral or written agreement with Meridian and, if so, identify the date of any and all such agreements and state whether such agreements are written or oral.

      **ANSWER:**  Defendant Barnhiser objects to Interrogatory No. 4 on the ground that the term "oral or written agreement" is vague, ambiguous, and undefined. "[A]ny oral or written agreement" can span numerous arrangements unrelated to this Litigation. Plaintiff fails to explain or provide reasoning as to how "any" agreement Defendant Barnhiser may have entered into with Defendant Meridian is relevant to any claims and/or defenses in this Litigation.

      Subject to and without waiving the foregoing and the General Objections, Defendant Barnhiser directs Plaintiff to Bates-labeled documents JOINTDEFS_000000043-44, 69-71, and 107.

**Interrogatory No. 5:**  State whether You have entered into any oral or written agreement with Maumee Pointe and, if so, identify the date of any and all such agreements and state whether such agreements are written or oral.

      **ANSWER:**  Defendant Barnhiser objects to Interrogatory No. 5 on the ground that the term "oral or written agreement" is vague, ambiguous, and undefined. "[A]ny oral or written agreement" can span numerous arrangements unrelated to this Litigation. Plaintiff fails to explain or provide reasoning as to how "any" agreement Defendant Barnhiser may have entered into with Defendant Maumee Pointe is relevant to any claims and/or defenses in this Litigation.

Subject to and without waiving the foregoing and the General Objections, Defendant Barnhiser states she has not entered into any agreement with Maumee Pointe.

**Interrogatory No. 6:**  Identify any and all communications between You and any and all employees, agents, and/or representatives of an [sic] of the Defendants concerning the Barnhiser Agreement between the period of July 1, 2021 through the present, and state the date of such communication and the medium utilized for the communication.

**ANSWER:**  Defendant Barnhiser objects to Interrogatory No. 6 on the ground it seeks information protected by the attorney-client privilege.  Defendant Barnhiser will produce a privilege log regarding responsive, privileged communications.  Additionally, this Interrogatory is overbroad, especially where "employees, agents, and/or representatives" is not limited to a specific entity.  Defendant Barnhiser further objects to the time period, July 1, 2021 through the present, as being overbroad where the Complaint states Defendant Barnhiser did not provide her notice of resignation to Plaintiff until November 2021, and Plaintiff's Complaint contains no allegations justifying such an expansive time period.

Subject to and without waiving the foregoing and the General Objections, Defendant Barnhiser states that discovery is ongoing and she will supplement her Answer to this Interrogatory with either a privilege log or non-privileged, responsive documents.

**Interrogatory No. 7:**  Identify any and all communications between You and any and all employees, agents and/or representatives of any of the named Defendants concerning Capital Senior, including its employees and residents, during the period of July 1, 2021, through the present, and state the date of such communication and the medium utilized for the communication.

**ANSWER:**  Defendant Barnhiser objects to Interrogatory No. 7 on the ground it seeks information protected by the attorney-client privilege.  Defendant Barnhiser also objects to this Interrogatory on the grounds that "agents and/or representatives" is an overly broad, vague, and undefined term.  Defendant Barnhiser has no way to ascertain who may be an "agent" or "representative" of any of the named Defendants.  Further, the term "Capital Senior" is vague,

ambiguous, overbroad, and undefined. Defendant Barnhiser understands Capital Senior Living, Inc. rebranded as "Sonida" Senior Living, Corp. ("Sonida") in November 2021. Sonida purports to operate at least 75 communities that are home to nearly 7,000 residents across 18 states (https://www.businesswire.com/news/home/20211115005444/en/Capital-Senior-Living-Changes-Name-to-Sonida-Senior-Living). Sonida's company size on its LinkedIn page states, as of the date these Answers are served, it employs between 5,001-10,000 employees (https://www.linkedin.com/company/sonida-senior-living/about/). To require Defendant Barnhiser to identify any and all communications concerning up to 17,000 individuals and 75 senior living communities is unduly burdensome, not relevant, and not proportional to the needs of the case. Defendant Barnhiser simply has no way to know whether certain individuals are in some way affiliated with Sonida considering she worked for one community owned by Capital Senior and/or Sonida – The Waterford. The Waterford is the only relevant entity owned by Plaintiff in this Litigation as related to the Parties' claims and/or defenses. Defendant Barnhiser also objects to the time period, July 1, 2021 through the present, as being overbroad where the Complaint states Defendant Barnhiser did not provide her notice of resignation to Plaintiff until November 2021, and Plaintiff's Complaint contains no allegations justifying such an expansive time period. Defendant Barnhiser further objects to Interrogatory No. 7 to the extent it implicates the privacy of individuals not party to this Litigation.

Subject to and without waiving the foregoing and the General Objections, Defendant Barnhiser states the following:

(1)  In the fall of 2021, Defendant Barnhiser had a conversation with Raenae St. Julian concerning general pricing for other senior living facilities in the area, including a general reference to the publicly available pricing of The Waterford. Defendant Barnhiser did not share any

information with Ms. St. Julian that was not publicly accessible.

(2)     Defendant Barnhiser has had conversations with Ellie Selders concerning Defendant

Barnhiser's employment with Capital Senior and the reasons for her departure.

**Interrogatory No. 8:**     Identify any and all communications between You and any and all employees, agents and/or representatives of Capital Senior since the separation of Your employment with Capital Senior, and state the date of such communication and the medium utilized for the communication.

**ANSWER:**  Defendant Barnhiser objects to Interrogatory No. 8 on the ground the term "Capital Senior" is vague, ambiguous, overbroad, and undefined.  Defendant Barnhiser understands Capital Senior Living, Inc. rebranded as "Sonida" in November 2021.  Sonida's company size on its LinkedIn page states, as of the date these Answers are served, it employs between 5,001-10,000 employees (https://www.linkedin.com/company/sonida-senior-living/about/).  To require Defendant Barnhiser to identify any and all communications with up to and/or more than 10,000 individuals is unduly burdensome, not relevant, and not proportional to the needs of the case.  Defendant Barnhiser simply has no way to know whether certain individuals are in some way affiliated with Sonida considering she worked for one community owned by Capital Senior and/or Sonida – The Waterford. The Waterford is the only relevant entity owned by Plaintiff in this Litigation as related to the Parties' claims and/or defenses.  Defendant Barnhiser further objects to this Interrogatory to the extent it implicates the privacy of individuals not party to this Litigation.  Defendant Barnhiser further objects to this Interrogatory on the ground it is not limited by subject matter and/or topic in proportion to the needs of the case.  Defendant Barnhiser's personal communications with Capital Seniors employees, agents, and/or representatives, particularly where Defendant Barnhiser has personal relationships with previous Waterford colleagues, is intrusive, overly broad, and in no way related to the claims of the Litigation.  Defendant Barnhiser also cannot be expected to recall every conversation she may have had with former colleagues, some of whom are personal friends, especially where they do not

-9-

relate to the allegations in the Litigation in any capacity.

Subject to and without waiving the foregoing and General Objections, Defendant Barnhiser agrees to produce communications in her possession she had with employees of The Waterford regarding her employment with and/or separation from The Waterford and related to her employment with Meridian.  Defendant Barnhiser directs Plaintiff to Bates-labeled documents JOINTDEFS_000000001-17, which is a text conversation with William Richardson, and JOINTDEFS_000000018-20, which is a text conversation with Meredith Gladwell.  In addition, Defendant Barnhiser states as follows:

(1)     In the Winter of 2021, Defendant Barnhiser had a phone conversation with Waterford employee Chris Zalinski where Defendant Barnhiser generally discussed Ms. Zalinski's employment with the Waterford.

(2)     In the Fall of 2021, Defendant Barnhiser and Kim Wota texted concerning their general statuses at their respective employers.

(3)     In the Fall of 2021, Darlene Lubinski texted Defendant Barnhiser and stated something to the effect of  "get me out of here" in reference to The Waterford.

(4)     In the Fall of 2021, Savannah White texted Defendant Barnhiser and asked her where Defendant Barnhiser was employed and whether Defendant Barnhiser would hire Ms. White.

(5)     In the Fall of 2021, Dawna Clark texted Defendant Barnhiser concerning Defendant Barnhiser's employment at Maumee Pointe.

(6)     In the Spring of 2022, Morgan Jahna visited another employee at Maumee Pointe. While Ms. Jahna was at Maumee Pointe, Defendant Barnhiser greeted her.  During their interaction, Ms. Jahna discussed with Defendant Barnhiser Ms. Jahna's experience working at The Waterford. Defendant Barnhiser did not introduce the topic of the Waterford.

Defendant Barnhiser further states that she does not have access to certain text messages prior to April 2022 due to the fact that she had a routine practice of deleting text messages from her cell phone inbox, regardless of sender.  Defendant Barnhiser has taken steps to obtain any potentially relevant text messages and will continue to do so to the extent possible.  Since the inception of the lawsuit, Defendant Barnhiser ceased her practice of routine deletions and has preserved all relevant evidence.

**Interrogatory No. 9:**  Identify any and all communications between You and any and all current or former residents of Capital Senior since the separation of Your employment with Capital Senior, and state the date of such communication and the medium utilized for the communication.

**ANSWER:**  Defendant Barnhiser objects to Interrogatory No. 9 on the ground the term "Capital Senior" is vague, ambiguous, overbroad, and undefined.  Defendant Barnhiser understands Capital Senior Living, Inc. rebranded as "Sonida" in November 2021.  Sonida purports to operate at least 75 communities that are home to nearly 7,000 residents across 18 states (https://www.businesswire.com/news/home/20211115005444/en/Capital-Senior-Living-Changes-Name-to-Sonida-Senior-Living).  To require Defendant Barnhiser to identify any and all communications with up to and/or more than 7,000 individuals across 75 senior living communities is unduly burdensome, not relevant, and not proportional to the needs of the case.  Defendant Barnhiser simply has no way to know whether certain individuals are in some way affiliated with Sonida considering she worked for one community owned by Capital Senior and/or Sonida – The Waterford.  The Waterford is the only relevant entity owned by Plaintiff in this Litigation as related to the Parties' claims and/or defenses.  This Interrogatory No. 9 further implicates the privacy of individuals not party to this Litigation.  Defendant Barnhiser further objects to this Interrogatory on the ground it is not limited by subject matter and/or topic in proportion to the needs of the case.  Defendant Barnhiser's personal communications with Capital Seniors residents, particularly where

-11-

Defendant Barnhiser has personal relationships with Waterford residents, is intrusive, overly broad, and in no way related to the claims of the Litigation. Defendant Barnhiser also cannot be expected to recall every conversation she may have had with Waterford residents, some of whom are personal friends or family, especially where they do not relate to the allegations in the Litigation in any capacity.

Subject to and without waiving the foregoing and General Objections, Defendant Barnhiser agrees to provide information concerning communications with residents of The Waterford regarding her employment with and/or separation from The Waterford, and her employment with Meridian/Maumee Pointe. In accordance with the foregoing, Defendant Barnhiser states as follows:

(1)  In October 2021, Defendant Barnhiser was having lunch at a Bob Evans restaurant when 8-10 residents of The Waterford arrived for lunch. Defendant Barnhiser was not meeting these residents for lunch and it was not a planned meeting. The residents greeted Defendant Barnhiser and asked her, "Where did you go?" While Defendant Barnhiser did not specify that she joined Maumee Pointe, one resident specifically asked Defendant Barnhiser if she was working at Maumee Pointe. Defendant Barnhiser responded to the resident's specific question in the affirmative.

(2)  Defendant Barnhiser's grandmother-in-law, Patricia Hill, is a resident of The Waterford. Defendant Barnhiser communicates and interacts with her grandmother-in-law often, and her grandmother-in-law is aware of her current employment.

**Interrogatory No. 10:**  Identify any and all communications between You and any of the named Defendants in the Complaint concerning Capital Senior's employees during the period of July 1, 2021 through the present, and state the date of such communication and the medium utilized for the communication.

**ANSWER:**  Defendant Barnhiser objects to Interrogatory No. 10 on the ground it seeks information protected by the attorney-client privilege. The Interrogatory fails to identify any specific Maumee Pointe or Meridian employee for whom it seeks communications. Further, the term

-12-

"Capital Senior" is vague, ambiguous, overbroad, and undefined. Defendant Barnhiser understands Capital Senior Living, Inc. rebranded as "Sonida" in November 2021. Sonida's company size on its LinkedIn page states, as of the date these Answers are served, it employs between 5,001-10,000 employees (https://www.linkedin.com/company/sonida-senior-living/about/). To require Defendant Barnhiser to identify any and all communications concerning up to and/or more than 10,000 individuals is unduly burdensome, not relevant, and not proportional to the needs of the case. Defendant Barnhiser simply has no way to know whether certain individuals are in some way affiliated with Sonida considering she worked for one community owned by Capital Senior and/or Sonida – The Waterford. The Waterford is the only relevant entity owned by Plaintiff in this Litigation as related to the Parties' claims and/or defenses. Defendant Barnhiser also objects to Interrogatory No. 10 to the extent it implicates the privacy of individuals not party to this Litigation. Defendant Barnhiser also objects to the time period, July 1, 2021 through the present, as being overbroad where the Complaint states Defendant Barnhiser did not provide her notice of resignation to Plaintiff until November 2021, and Plaintiff's Complaint contains no allegations justifying such an expansive time period.

Subject to and without waiving the foregoing and the General Objections, Defendant Barnhiser agrees to produce non-privileged, responsive documents to this Interrogatory, and/or a privilege log, and will supplement her response accordingly.

**Interrogatory No. 11:**  Identify any and all communications between You and any of the named Defendants in the Complaint concerning Capital Senior's residents during the period of July 1, 2021 through the present, and state the date of such communication and the medium utilized for the communication.

**ANSWER:**  Defendant Barnhiser objects to Interrogatory No. 11 on the ground it seeks information protected by the attorney-client privilege. The Interrogatory fails to identify any specific Maumee Pointe or Meridian employee for whom it seeks communications. Further, the term

-13-

"Capital Senior" is vague, ambiguous, overbroad, and undefined.  Defendant Barnhiser understands Capital Senior Living, Inc. rebranded as "Sonida" in November 2021.  Sonida purports to operate at least 75 communities that are home to nearly 7,000 residents across 18 states (https://www.businesswire.com/news/home/20211115005444/en/Capital-Senior-Living-Changes-Name-to-Sonida-Senior-Living).  To require Defendant Barnhiser to identify any and all communications concerning up to and/or more than 7,000 individuals across 75 senior living communities is unduly burdensome, not relevant, and not proportional to the needs of the case. Defendant Barnhiser simply has no way to know whether certain individuals are in some way affiliated with Sonida considering she worked for one community owned by Capital Senior and/or Sonida – The Waterford.  The Waterford is the only relevant entity owned by Plaintiff in this Litigation as related to the Parties' claims and/or defenses.  This Interrogatory No. 11 further implicates the privacy of individuals not party to this Litigation.  Defendant Barnhiser also objects to the time period, July 1, 2021 through the present, as being overbroad where the Complaint states Defendant Barnhiser did not provide her notice of resignation to Plaintiff until November 2021, and Plaintiff's Complaint contains no allegations justifying such an expansive time period.

Subject to and without waiving the foregoing and the General Objections, Defendant Barnhiser agrees to produce non-privileged, responsive documents to this Interrogatory, and/or a privilege log, and will supplement her response accordingly.

**Interrogatory No. 12:**  Identify any and all communications between You and any of the named Defendants in the Complaint concerning Capital Senior's Confidential Information during the period of July 1, 2021 through the present, and state the date of such communication and the medium utilized for the communication.

**ANSWER:**  Subject to and without waiving the General Objections, Defendant Barnhiser states she  has not communicated with any of the named Defendants in the Complaint concerning Capital Senior's Confidential Information.

-14-

**Interrogatory No. 13:** Identify every court action and arbitration, disciplinary, administrative, agency, or regulatory hearing or proceeding, whether civil, criminal, or otherwise, in which You are or were a party or claimant, or for which You provided testimony under oath, whether before a local, state, or federal court, governmental agency, commission, arbitration forum, regulatory or self-regulatory organization, or otherwise.

**ANSWER:** Defendant Barnhiser objects to Interrogatory No. 13 on the ground it seeks information concerning confidential and/or otherwise private proceedings. Subject to and without waiving the foregoing and the General Objections, Defendant Barnhiser states she has not been party to or otherwise involved in any capacity in any court action, arbitration, disciplinary, administrative, agency, or regulatory hearing or proceeding, whether civil, criminal, or otherwise.

**Interrogatory No. 14:** Identify any and all documents and electronically stored information You have provided to any and all employees, agents and/or representatives of any of the named Defendants, concerning, regarding or related to Capital Senior and state the date on which You provided the document(s) and electronically stored information, the recipient of the document(s) and electronically stored information, and the content of the document(s) and electronically stored information.

**ANSWER:** Subject to and without waiving the General Objections, Defendant Barnhiser states she has not provided any employees, agents, and/or representatives of any of the named Defendants documents or electronically stored information regarding or related to Capital Senior.

**Interrogatory No. 15:** Identify any and all documents and electronically stored information belonging to, referring to or relating to Capital Senior currently in Your possession.

**ANSWER:** Defendant Barnhiser objects to Interrogatory No. 15 on the ground the term "Capital Senior" is vague, ambiguous, overbroad, and undefined. Defendant Barnhiser simply has no way to know whether certain individuals are in some way affiliated with Sonida considering she worked for one community owned by Capital Senior and/or Sonida – The Waterford. The Waterford is the only relevant entity owned by Plaintiff in this Litigation as related to the Parties' claims and/or defenses.

Subject to and without waiving the foregoing and the General Objections, Defendant

-15-

Barnhiser agrees to provide information responsive to this Interrogatory, limited to those items referring to or relating to The Waterford or otherwise with the term "Capital Senior" somewhere on or within the contents of the document and directs Plaintiff to the documents produced at Bates-label JOINTDEFS_000000188-279.  Defendant Barnhiser further states that the documents produced at Bates-label JOINTDEFS_000000188-279 have remained solely in her possession and have not been shared with any third-party, including any named Defendant.

**Interrogatory No. 16:**    Identify all persons whom You believe have knowledge or information concerning the claims set forth in the Complaint, and state with specificity the substance of each witness's knowledge, or information.

   **ANSWER:**  Defendant Barnhiser refers Plaintiff to Defendants' Joint Initial Disclosures.

**Interrogatory No. 17:**   Identify any and all documents and electronic information which identify, relate to, concern or refer to any communications between Meridian and current and former residents of Capital Senior since the separation of Your employment with Capital Senior through the present.

   **ANSWER:** Defendant Barnhiser objects to Interrogatory No. 17 on the ground she does not have access to "all documents and electronic information which identify, relate to, concern or refer to any communications" between Defendant Meridian and current and former residents of Capital Senior.  The Interrogatory fails to identify any specific Meridian employee for whom it seeks such documents and/or communications, and Defendant Barnhiser has no way to access or even ascertain which Meridian employees would be in possession of such documents.  Defendant Barnhiser further objects to Interrogatory No. 17 to the extent it implicates the privacy rights of individuals not party to this Litigation.  Defendant Barnhiser also objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case.  Specifically, it seeks documents and electronic information which are not properly limited in scope or topic in that the request seeks "all" documents and electronic information which identify, relate to, concern or refer to any communications between Meridian and current and former residents of Capital

Senior regardless of whether such documents are related to the claims in the Lawsuit.   Further, the

terms "Meridian" and "Capital Senior" are vague, ambiguous, overbroad, and undefined.  Defendant

Barnhiser understands Capital Senior Living, Inc. rebranded as "Sonida" in November 2021.  Sonida

purports to operate at least 75 communities that are home to nearly 7,000 residents across 18 states

(https://www.businesswire.com/news/home/20211115005444/en/Capital-Senior-Living-Changes-

Name-to-Sonida-Senior-Living).    To require Defendant Barnhiser to identify any and all

communications between Defendant Meridian and up to and/or more than 7,000 individuals across

75 senior living communities is unduly burdensome, not relevant, and not proportional to the needs

of the case.  Defendant Barnhiser will not agree to produce information in response to Interrogatory

No. 17 as drafted.

**Interrogatory No. 18:**   Identify any and all documents and electronic information which identify, relate to, concern or refer to any communications between Maumee Pointe and current and former residents of Capital Senior since the separation of Your employment with Capital Senior through the present.

       **ANSWER:**  Defendant Barnhiser objects to Interrogatory No. 18 on the ground she does not

have access to "all documents and electronic information which identify, relate to, concern or refer

to any communications" between Defendant Maumee Pointe and current and former residents of

Capital Senior.  The Interrogatory fails to identify any specific Maumee Pointe employee for whom

it seeks such documents and/or communications, and Defendant Barnhiser has no way to access or

even ascertain which Maumee Pointe employees would be in possession of such documents.

Defendant Barnhiser further objects to Interrogatory No. 18 to the extent it implicates the privacy

rights of individuals not party to this Litigation.   Defendant Barnhiser also objects to this

Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional to the

needs of the case.  Specifically, it seeks documents and electronic information which are not properly

limited in scope or topic in that the request seeks "all" documents and electronic information which

identify, relate to, concern or refer to any communications between Maumee Pointe and current and former residents of Capital Senior regardless of whether such documents are related to the claims in the Lawsuit. Further, the terms "Maumee Pointe" and "Capital Senior" are vague, ambiguous, overbroad, and undefined. Defendant Barnhiser understands Capital Senior Living, Inc. rebranded as "Sonida" in November 2021. Sonida purports to operate at least 75 communities that are home to nearly 7,000 residents across 18 states (https://www.businesswire.com/news/home/20211115005444/en/Capital-Senior-Living-Changes-Name-to-Sonida-Senior-Living). To require Defendant Barnhiser to identify any and all communications between Defendant Maumee Pointe and up to and/or more than 7,000 individuals across 75 senior living communities is unduly burdensome, not relevant, and not proportional to the needs of the case. Defendant Barnhiser will not agree to produce information in response to Interrogatory No. 18 as drafted.

**Interrogatory No. 19:** Identify to any person You intend to call as an expert witness at trial in this action and describe the subject matter on which the expert witness will testify.

**ANSWER:** Defendant Barnhiser objects to Interrogatory No. 19 on the ground it seeks information protected by the attorney-client privilege. Subject to and without waiving the foregoing and the General Objections, Defendant Barnhiser has not yet identified any individuals she intends to call as an expert witness at trial in this action. Defendant Barnhiser will make such disclosures as appropriate under the Federal Rules of Civil Procedure and any scheduling order by the Court.

## RESPONSES AND OBJECTIONS TO FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**Production Request No. 1:** Any and all documents, communications, and electronically stored information You identified in Your answers to Capital Senior's Interrogatories.

**RESPONSE:** Defendant Barnhiser refers Plaintiff to Defendants' joint production of documents.

-18-

**Production Request No. 2:**  Any and all documents, communications, and electronically stored information which You received or came to possess in the course of Your employment with Capital Senior.

    **RESPONSE:**  Defendant Barnhiser objects to Request No. 2 on the grounds it is overbroad, unduly burdensome, and not proportional to the needs of the case.  Defendant Barnhiser "received" or "came to possess" (both of which are vague and ambiguous terms) hundreds if not thousands of documents, communications, and electronically stored information in the course of her employment with Capital Senior.  As drafted, this Request seeks every email, memo, application, resident file, or any other number of types of documents and communications ever received during her employment with Capital Senior.  The Request is not limited in any capacity, including by time frame, subject, matter, or general topic.  Defendant Barnhiser further objects to Request No. 2 to the extent that it requests documents not in the possession or control of Defendant Barnhiser since the separation of her employment with Capital Senior.  Defendant Barnhiser no longer has access to her Capital Senior email account, Capital Senior systems, or Capital Senior information.

    Subject to and without waiving the foregoing and the General Objections, Defendant Barnhiser produces contemporaneously herewith routine employment-related documents she received during her employment with Capital Senior which remain in her possession at Bates-label JOINTDEFS_000000188-279.  Defendant Barnhiser further states that the documents produced at Bates-label JOINTDEFS_000000188-279 have remained solely in her possession since her separation from Capital Senior and she has not shared them with any third-party, including any named Defendant.

**Production Request No. 3:**  Any and all documents, communications and electronically stored information concerning the Barnhiser Agreement.

    **RESPONSE:**  Defendant Barnhiser objects to Request No. 3 to the extent it seeks information protected by the attorney-client privilege.  Subject to and without waiving the foregoing

-19-

and the General Objections, Defendant Barnhiser agrees to supplement her Response and produce responsive documents to this Request as discovery continues.

**Production Request No. 4:**  Any and all agreements entered into between You and Meridian.

**RESPONSE:**  Defendant Barnhiser objects to Request No. 4 on the grounds that it is not proportional to the needs of the case.  Any agreements Defendant Barnhiser may have entered into with Defendant Meridian are not relevant to the Parties' claims and/or defenses involved in this Litigation.  Subject to and without waiving the foregoing and the General Objections, Defendant Barnhiser agrees to produce responsive documents to this Request, to the extent any such responsive documents exist.

**Production Request No. 5:**  Any and all agreements entered into between You and Maumee Pointe.

**RESPONSE:**  Defendant Barnhiser objects to Request No. 5 on the grounds that it is not proportional to the needs of the case.  Any agreements Defendant Barnhiser may have entered into with Defendant Maumee Pointe are not relevant to the Parties' claims and/or defenses involved in this Litigation.  Subject to and without waiving the foregoing and the General Objections, Defendant Barnhiser states she has not entered into any agreements with Maumee Pointe.

**Production Request No. 6:**  Any and all documents and electronically stored information concerning any compensation, remuneration or other income paid to You by any of the named Defendants.

**RESPONSE:**  Defendant Barnhiser objects to Request No. 6 on the ground it seeks documents and electronically stored information that are not relevant to the Parties' claims and/or defenses nor proportional to the needs of the case.  Plaintiff has made no claims in its Complaint concerning Defendant Barnhiser's compensation, remuneration or other income paid to her while employed by Plaintiff and/or any of the Defendants.  This Request is overly intrusive into Defendant Barnhiser's personal financial information, and it is unnecessary.  Further, this information

-20-

constitutes sensitive information regarding an alleged competitor.

Subject to and without waiving the General Objections, Defendant Barnhiser agrees to produce responsive documents to this Request, to the extent any such responsive documents exist.

**Production Request No. 7:**  Any and all documents and electronically stored information You provided to any of the Defendants concerning Capital Senior, including its residents and employees, during the period of July 1, 2021 through the present.

**RESPONSE:**  Defendant Barnhiser objects to Request No. 7 on the ground the term "Capital Senior" is vague, ambiguous, overbroad, and undefined.  Defendant Barnhiser understands Capital Senior Living, Inc. rebranded as "Sonida" in November 2021.  Sonida purports to operate at least 75 communities that are home to nearly 7,000 residents across 18 states (https://www.businesswire.com/news/home/20211115005444/en/Capital-Senior-Living-Changes-Name-to-Sonida-Senior-Living).  Sonida's company size on its LinkedIn page states, as of the date these Answers are served, it employs between 5,001-10,000 employees (https://www.linkedin.com/company/sonida-senior-living/about/).  To require Defendant Barnhiser to identify any and all documents and electronically stored information concerning up to 17,000 individuals and 75 senior living communities is unduly burdensome, not relevant, and not proportional to the needs of the case.  Defendant Barnhiser simply has no way to know whether certain individuals are in some way affiliated with Sonida considering she only worked for one community owned by Capital Senior and/or Sonida – The Waterford.  The Waterford is the only relevant entity owned by Plaintiff in this Litigation as related to the Parties' claims and/or defenses.  As such, a Request which seeks documents relating to Capital Senior, which is Sonida, is incredibly overbroad, not proportional to the needs of the case, and very burdensome on Defendant Barnhiser.  Defendant Barnhiser further objects to the time period, July 1, 2021 through the present, as being overbroad where the Complaint states Defendant Barnhiser did not provide her notice of resignation

-21-

to Plaintiff until November 2021, and Plaintiff's Complaint contains no allegations justifying such an expansive time period.  Defendant Barnhiser further objects to Request No. 7 to the extent it implicates the privacy of individuals not party to this Litigation.

Subject to and without waiving the foregoing and the General Objections, Defendant Barnhiser states she has not provided any of the named Defendants with any documents or electronically stored information relating to The Waterford, or to the best of her knowledge, subject to the foregoing objections, Capital Senior.

**Production Request No. 8:**  Any and all documents and electronically stored information provided by any of the named Defendants to You concerning Capital Senior, including its residents and employees, during the period of July 1, 2021 through the present.

**RESPONSE:**  Defendant Barnhiser objects to Request No. 8 on the ground the term "Capital Senior" is vague, ambiguous, overbroad, and undefined.  Defendant Barnhiser understands Capital Senior Living, Inc. rebranded as "Sonida" in November 2021.  Sonida purports to operate at least 75 communities that are home to nearly 7,000 residents across 18 states (https://www.businesswire.com/news/home/20211115005444/en/Capital-Senior-Living-Changes-Name-to-Sonida-Senior-Living).  Sonida's company size on its LinkedIn page states, as of the date these Answers are served, it employs between 5,001-10,000 employees (https://www.linkedin.com/company/sonida-senior-living/about/).  To require Defendant Barnhiser to identify any and all documents and electronically stored information concerning up to 17,000 individuals and 75 senior living communities is unduly burdensome, not relevant, and not proportional to the needs of the case.  Defendant Barnhiser simply has no way to know whether certain individuals are in some way affiliated with Sonida considering she only worked for one community owned by Capital Senior and/or Sonida – The Waterford.  The Waterford is the only relevant entity owned by Plaintiff in this Litigation as related to the Parties' claims and/or defenses.

As such, a Request which seeks documents relating to Capital Senior, which is Sonida, is incredibly overbroad, not proportional to the needs of the case, and very burdensome on Defendant Barnhiser. Defendant Barnhiser further objects to the time period, July 1, 2021 through the present, as being overbroad where the Complaint states Defendant Barnhiser did not provide her notice of resignation to Plaintiff until November 2021, and Plaintiff's Complaint contains no allegations justifying such an expansive time period. Defendant Barnhiser further objects to Request No. 8 to the extent it implicates the privacy of individuals not party to this Litigation.

Subject to and without waiving the foregoing and the General Objections, Defendant Barnhiser states none of the named Defendants have provided her with any documents or electronically stored information relating to The Waterford, or to the best of her knowledge, subject to the foregoing objections, Capital Senior.

**Production Request No. 9:** Any and all documents and electronically stored information You provided to Selders concerning Capital Senior, including its residents and employees, since the separation of Your employment with Capital Senior through the present.

**RESPONSE:** Defendant Barnhiser objects to Request No. 9 on the ground the term "Capital Senior" is vague, ambiguous, overbroad, and undefined. Defendant Barnhiser understands Capital Senior Living, Inc. rebranded as "Sonida" in November 2021. Sonida purports to operate at least 75 communities that are home to nearly 7,000 residents across 18 states (https://www.businesswire.com/news/home/20211115005444/en/Capital-Senior-Living-Changes-Name-to-Sonida-Senior-Living). Sonida's company size on its LinkedIn page states, as of the date these Answers are served, it employs between 5,001-10,000 employees (https://www.linkedin.com/company/sonida-senior-living/about/). To require Defendant Barnhiser to identify any and all documents and electronically stored information concerning up to 17,000 individuals and 75 senior living communities is unduly burdensome, not relevant, and not

proportional to the needs of the case.  Defendant Barnhiser simply has no way to know whether certain individuals are in some way affiliated with Sonida considering she only worked for one community owned by Capital Senior and/or Sonida – The Waterford.  The Waterford is the only relevant entity owned by Plaintiff in this Litigation as related to the Parties' claims and/or defenses.  As such, a Request which seeks documents relating to Capital Senior, which is Sonida, is incredibly overbroad, not proportional to the needs of the case, and very burdensome on Defendant Barnhiser.  Defendant Barnhiser further objects to Request No. 9 to the extent it implicates the privacy of individuals not party to this Litigation.

Subject to and without waiving the foregoing and the General Objections, Defendant Barnhiser states she has not provided Selders with any documents or electronically stored information relating to The Waterford, or to the best of her knowledge, subject to the foregoing objections, Capital Senior.

**Production Request No. 10:**  Any and all documents and electronically stored information provided by Selders to You concerning Capital Senior, including its residents and employees, since the separation of Your employment with Capital Senior through the present.

**RESPONSE:**  Defendant Barnhiser objects to Request No. 10 on the ground the term "Capital Senior" is vague, ambiguous, overbroad, and undefined.  Defendant Barnhiser understands Capital Senior Living, Inc. rebranded as "Sonida" in November 2021.  Sonida purports to operate at least 75 communities that are home to nearly 7,000 residents across 18 states (https://www.businesswire.com/news/home/20211115005444/en/Capital-Senior-Living-Changes-Name-to-Sonida-Senior-Living).  Sonida's company size on its LinkedIn page states, as of the date these Answers are served, it employs between 5,001-10,000 employees (https://www.linkedin.com/company/sonida-senior-living/about/).  To require Defendant Barnhiser to identify any and all documents and electronically stored information concerning up to 17,000

individuals and 75 senior living communities is unduly burdensome, not relevant, and not proportional to the needs of the case.  Defendant Barnhiser simply has no way to know whether certain individuals are in some way affiliated with Sonida considering she only worked for one community owned by Capital Senior and/or Sonida – The Waterford.  The Waterford is the only relevant entity owned by Plaintiff in this Litigation as related to the Parties' claims and/or defenses.  As such, a Request which seeks documents relating to Capital Senior, which is Sonida, is incredibly overbroad, not proportional to the needs of the case, and very burdensome on Defendant Barnhiser.  Defendant Barnhiser further objects to the time period, July 1, 2021 through the present, as being overbroad where the Complaint states Defendant Barnhiser did not provide her notice of resignation to Plaintiff until November 2021, and Plaintiff's Complaint contains no allegations justifying such an expansive time period.  Defendant Barnhiser further objects to Request No. 10 to the extent it implicates the privacy of individuals not party to this Litigation.

Subject to and without waiving the foregoing and the General Objections, Defendant Barnhiser states Selders has not provided her with any documents or electronically stored information relating to The Waterford, or to the best of her knowledge, subject to the foregoing objections, Capital Senior.

**Production Request No. 11:**  Any and all documents and electronically stored information You provided to Will Richardson concerning Capital Senior, including its residents and employees, since the separation of Your employment with Capital Senior through the present.

**RESPONSE:**  Defendant Barnhiser objects to Request No. 11 on the ground the term "Capital Senior" is vague, ambiguous, overbroad, and undefined.  Defendant Barnhiser understands Capital Senior Living, Inc. rebranded as "Sonida" in November 2021.  Sonida purports to operate at least 75 communities that are home to nearly 7,000 residents across 18 states (https://www.businesswire.com/news/home/20211115005444/en/Capital-Senior-Living-Changes-

Name-to-Sonida-Senior-Living).  Sonida's company size on its LinkedIn page states, as of the date these Answers are served, it employs between 5,001-10,000 employees (https://www.linkedin.com/company/sonida-senior-living/about/).  To require Defendant Barnhiser to identify any and all documents and electronically stored information concerning up to 17,000 individuals and 75 senior living communities is unduly burdensome, not relevant, and not proportional to the needs of the case.  Defendant Barnhiser simply has no way to know whether certain individuals are in some way affiliated with Sonida considering she only worked for one community owned by Capital Senior and/or Sonida – The Waterford.  The Waterford is the only relevant entity owned by Plaintiff in this Litigation as related to the Parties' claims and/or defenses. As such, a Request which seeks documents relating to Capital Senior, which is Sonida, is incredibly overbroad, not proportional to the needs of the case, and very burdensome on Defendant Barnhiser. Defendant Barnhiser further objects to Request No. 11 to the extent it implicates the privacy of individuals not party to this Litigation.

Subject to and without waiving the foregoing and the General Objections, Defendant Barnhiser states she has not provided Will Richardson with any documents or electronically stored information relating to The Waterford, or to the best of her knowledge, subject to the foregoing objections, Capital Senior.

**Production Request No. 12:**  Any and all documents and electronically stored information provided by Will Richardson to You concerning Capital Senior, including its residents and employees, since the separation of Your employment with Capital Senior through the present.

**RESPONSE:**  Defendant Barnhiser objects to Request No. 12 on the ground the term "Capital Senior" is vague, ambiguous, overbroad, and undefined.  Defendant Barnhiser understands Capital Senior Living, Inc. rebranded as "Sonida" in November 2021.  Sonida purports to operate at least 75 communities that are home to nearly 7,000 residents across 18 states

(https://www.businesswire.com/news/home/20211115005444/en/Capital-Senior-Living-Changes-Name-to-Sonida-Senior-Living).  Sonida's company size on its LinkedIn page states, as of the date these Answers are served, it employs between 5,001-10,000 employees (https://www.linkedin.com/company/sonida-senior-living/about/).  To require Defendant Barnhiser to identify any and all documents and electronically stored information concerning up to 17,000 individuals and 75 senior living communities is unduly burdensome, not relevant, and not proportional to the needs of the case.  Defendant Barnhiser simply has no way to know whether certain individuals are in some way affiliated with Sonida considering she only worked for one community owned by Capital Senior and/or Sonida – The Waterford.  The Waterford is the only relevant entity owned by Plaintiff in this Litigation as related to the Parties' claims and/or defenses.  As such, a Request which seeks documents relating to Capital Senior, which is Sonida, is incredibly overbroad, not proportional to the needs of the case, and very burdensome on Defendant Barnhiser.  Defendant Barnhiser further objects to Request No. 12 to the extent it implicates the privacy of individuals not party to this Litigation.

Subject to and without waiving the foregoing and the General Objections, Defendant Barnhiser states Will Richardson has not provided her with any documents or electronically stored information relating to The Waterford, or to the best of her knowledge, subject to the foregoing objections, Capital Senior.

**Production Request No. 13:**  Any and all documents and electronically stored information You provided to any employees, agents, or representatives of Capital Senior concerning Capital Senior, including its residents and employees, since the separation of Your employment with Capital Senior through the present.

**RESPONSE:**  Defendant Barnhiser objects to Request No. 13 on the ground the term "Capital Senior" is vague, ambiguous, overbroad, and undefined.  Defendant Barnhiser understands Capital Senior Living, Inc. rebranded as "Sonida" in November 2021.  Sonida purports to operate at

least 75 communities that are home to nearly 7,000 residents across 18 states (https://www.businesswire.com/news/home/20211115005444/en/Capital-Senior-Living-Changes-Name-to-Sonida-Senior-Living).  Sonida's company size on its LinkedIn page states, as of the date these Answers are served, it employs between 5,001-10,000 employees (https://www.linkedin.com/company/sonida-senior-living/about/).  To require Defendant Barnhiser to identify any and all documents and electronically stored information concerning up to 17,000 individuals and 75 senior living communities is unduly burdensome, not relevant, and not proportional to the needs of the case.  Defendant Barnhiser simply has no way to know whether certain individuals are in some way affiliated with Sonida considering she only worked for one community owned by Capital Senior and/or Sonida – The Waterford.  The Waterford is the only relevant entity owned by Plaintiff in this Litigation as related to the Parties' claims and/or defenses.  As such, a Request which seeks documents relating to Capital Senior, which is Sonida, is incredibly overbroad, not proportional to the needs of the case, and very burdensome on Defendant Barnhiser.  Defendant Barnhiser also objects to this Request on the grounds that "agents and/or representatives" is an overly broad, vague, and undefined term.  Defendant Barnhiser has no way to ascertain who may be an "agent" or "representative" of any of the named Defendants.  Defendant Barnhiser further objects to Request No. 13 to the extent it implicates the privacy of individuals not party to this Litigation.

Subject to and without waiving the foregoing and the General Objections, Defendant Barnhiser states she has not provided any employees, agents, or representatives of The Waterford, or to the best of her knowledge, subject to the foregoing objections, Capital Senior, with any documents or electronically stored information relating to The Waterford, or to the best of her knowledge, subject to the foregoing objections, Capital Senior, since the separation of her

-28-

employment from Capital Senior.

**Production Request No. 14:** Any and all documents and electronically stored information provided by any employees, agents, or representatives of Capital Senior to You concerning Capital Senior, including its residents and employees, since the separation of Your employment with Capital Senior through the present.

  **RESPONSE:** Defendant Barnhiser objects to Request No. 14 on the ground the term "Capital Senior" is vague, ambiguous, overbroad, and undefined. Defendant Barnhiser understands Capital Senior Living, Inc. rebranded as "Sonida" in November 2021. Sonida purports to operate at least 75 communities that are home to nearly 7,000 residents across 18 states (https://www.businesswire.com/news/home/20211115005444/en/Capital-Senior-Living-Changes-Name-to-Sonida-Senior-Living). Sonida's company size on its LinkedIn page states, as of the date these Answers are served, it employs between 5,001-10,000 employees (https://www.linkedin.com/company/sonida-senior-living/about/). To require Defendant Barnhiser to identify any and all documents and electronically stored information concerning up to 17,000 individuals and 75 senior living communities is unduly burdensome, not relevant, and not proportional to the needs of the case. Defendant Barnhiser simply has no way to know whether certain individuals are in some way affiliated with Sonida considering she only worked for one community owned by Capital Senior and/or Sonida – The Waterford. The Waterford is the only relevant entity owned by Plaintiff in this Litigation as related to the Parties' claims and/or defenses. As such, a Request which seeks documents relating to Capital Senior, which is Sonida, is incredibly overbroad, not proportional to the needs of the case, and very burdensome on Defendant Barnhiser. Defendant Barnhiser also objects to this Request on the grounds that "agents and/or representatives" is an overly broad, vague, and undefined term. Defendant Barnhiser has no way to ascertain who may be an "agent" or "representative" of any of the named Defendants. Defendant Barnhiser further objects to Request No. 14 to the extent it implicates the privacy of individuals not party to this

Litigation.

Subject to and without waiving the foregoing and the General Objections, Defendant Barnhiser states no employees of The Waterford, or to the best of her knowledge, subject to the foregoing objections, Capital Senior, have provided her with any documents or electronically stored information relating to The Waterford, or to the best of her knowledge, subject to the foregoing objections, Capital Senior, since the separation of her employment from Capital Senior.

**Production Request No. 15:**  Any and all documents and electronic information concerning any communications between You and any resident of Capital Senior since the separation of Your employment with Capital Senior through the present.

**RESPONSE:**  Defendant Barnhiser objects to Request No. 15 on the ground the term "Capital Senior" is vague, ambiguous, overbroad, and undefined.  Defendant Barnhiser understands Capital Senior Living, Inc. rebranded as "Sonida" in November 2021.  Sonida purports to operate at least 75 communities that are home to nearly 7,000 residents across 18 states (https://www.businesswire.com/news/home/20211115005444/en/Capital-Senior-Living-Changes-Name-to-Sonida-Senior-Living).  To require Defendant Barnhiser to identify any and all documents and electronic information concerning any communications between Defendant Barnhiser and any of Capital Senior's up to or more than 7,000 residents is unduly burdensome, not relevant, and not proportional to the needs of the case.  Defendant Barnhiser simply has no way to know whether certain individuals are in some way affiliated with Sonida considering she worked for one community owned by Capital Senior and/or Sonida – The Waterford.  The Waterford is the only relevant entity owned by Plaintiff in this Litigation as related to the Parties' claims and/or defenses. This Request No. 15 further implicates the privacy of individuals not party to this Litigation. Defendant Barnhiser further objects to this Request to the extent it seeks personal communications with individuals with whom Defendant Barnhiser has a personal relationship, which has no bearing

-30-

on this Litigation.

Subject to and without waiving the foregoing and the General Objections, Defendant Barnhiser agrees to produce responsive documents to this Request, to the extent any such responsive documents exist, limited to those concerning The Waterford.

**Production Request No. 16:** Any and all documents and electronically stored information containing, referring or relating in any way to Capital Senior's Confidential Information.

**RESPONSE:** Defendant Barnhiser objects to Request No. 16 on the ground she does not have access to any and all documents and electronically stored information containing, referring or relating in any way to Capital Senior's Confidential Information and this Request is in no way limited to what is in Defendant Barnhiser's possession.

Subject to and without waiving the foregoing and the General Objections, Defendant Barnhiser states she does not possess any Capital Senior Confidential Information. Defendant Barnhiser further states that the documents produced at Bates-label JOINTDEFS_000000188-279, which arguably relate to Capital Senior, have remained solely in her possession and she has not shared them with any third-party, including any named Defendant. Defendant Barnhiser neither agrees nor concedes these documents constitute Confidential Information of Capital Senior.

**Production Request No. 17:** Any and all telephone or cell phone records including, without limitation, bills, invoices, call logs and/or call reports reflecting telephone calls or cell phone calls placed or received by You during the period of July 1, 2021, through the present.

**RESPONSE:** Defendant Barnhiser objects to Request No. 17 on the ground it is overbroad, unduly burdensome, not relevant, overly intrusive, and not proportional to the needs of the case. Request No. 17 is not limited in any capacity by topic, subject matter, or even an individual with whom Defendant Barnhiser allegedly communicated via phone. Defendant Barnhiser's telephone or cell phone records are unrelated to the claims and/or defenses of this Litigation, particularly where the context of the telephone and/or cell phone calls is not requested and impossible to ascertain over

a year after the start of the relevant time period.  Plaintiff is not entitled to the entirety of Defendant Barnhiser's telephone and cell phone records for any time period, which seriously implicates her privacy rights.  Defendant Barnhiser also does not have access to her telephone or cell phone call logs and/or call reports for this entire time period and is under no obligation to seek out such information when it has no bearing on the claims or defenses in this Litigation.  Defendant Barnhiser further objects to the time period, July 1, 2021 through the present, as being overbroad where the Complaint states Defendant Barnhiser did not provide her notice of resignation to Plaintiff until November 2021, and Plaintiff's Complaint contains no allegations justifying such an expansive time period.  This Request No. 17 further implicates the privacy of individuals not party to this Litigation.  Defendant Barnhiser will not agree to produce items in response to Request No. 17 as drafted.

**Production Request No. 18:**  Any and all recordings, data, correspondence and other documents (including, but not limited to Email, Facebook messages, and other electronically stored information) in any medium that relate in any way to the allegations contained in the Complaint.

**RESPONSE:**  Defendant Barnhiser objects to Request No. 18 on the grounds it is overbroad, unduly burdensome, and not proportional to the needs of the case.  Request No. 18 is not limited by topic, subject, and/or a time frame.  Defendant Barnhiser has no reasonable way to understand whether a document somehow "relate in any way" to the allegations in the Complaint.  This is especially true where not all causes of action stated in the Complaint are brought against Defendant Barnhiser alone.  This Request No. 18 further implicates the privacy of individuals not party to this Litigation.

Subject to and without waiving the foregoing and the General Objections, Defendant Barnhiser agrees to produce non-privileged, responsive correspondence or other documents which relate to the allegations against her set forth in the Complaint and which are in her possession and control.  Defendant Barnhiser does not possess any "recordings" "relating to" the Complaint.

Defendant Barnhiser further states that she does not have access to certain text messages prior to April 2022 due to the fact that she had a routine practice of deleting text messages from her cell phone inbox, regardless of sender. Defendant Barnhiser has taken steps to obtain any potentially relevant text messages and will continue to do so to the extent possible. Since the inception of the lawsuit, Defendant Barnhiser ceased her practice of routine deletions and has preserved all relevant evidence.

**Production Request No. 19:** Produce for imaging the hard drive of all computers and phones in Your possession or control that You used or may have used during the period of July 1, 2021, through the present.

 **RESPONSE:** Defendant Barnhiser objects to Request No. 19 on the ground it is overbroad, unduly burdensome, not relevant, overly intrusive, and not proportional to the needs of the case. Plaintiff has not provided any reason in its Complaint or otherwise as to how and why the hard drives of all of Defendant Barnhiser's computers and phones are related to the claims and/or defenses of this Litigation. There are no allegations Defendant Barnhiser sent herself or any third party Waterford or Capital Senior information (which she did not), nor are there any allegations she improperly removed any property, documents, or other information from The Waterford's premises, its intranet, its systems, or her Waterford desktop computer. The Waterford management physically watched Defendant Barnhiser pack up her belongings on her last day of employment and escorted her off the premises, again establishing she did not take any Waterford or Capital Senior information with her. Defendant Barnhiser also did not have a laptop from The Waterford or Capital Senior and only used the desktop at The Waterford to perform her work. Defendant Barnhiser further objects to the time period, July 1, 2021 through the present, as being overbroad where the Complaint states Defendant Barnhiser did not provide her notice of resignation to Plaintiff until November 2021, and Plaintiff's Complaint contains no allegations justifying such an expansive time period. This Request

No. 19 further implicates the privacy of individuals not party to this Litigation considering Defendant Barnhiser's personal information and that of her family is contained on her personal computers and phones.  This Request is the definition of a fishing expedition.  Defendant Barnhiser has already agreed to produce any documents in her possession remotely relating to The Waterford or Capital Senior as set forth herein, none of which have been shared with any third-party, including the named Defendants.  Defendant Barnhiser will not agree to produce items in response to Request No. 19.

**Production Request No. 20:**  Produce for imaging any flash drive, external hard drive or other electronic information storage device in Your possession or control that You used or may have used during the period of July 1, 2021, through the present, which may have any information regarding your dealings with Capital Senior, Meridian, or Maumee Point.

      **RESPONSE:**  Defendant Barnhiser objects to Request No. 20 on the ground it is overbroad, unduly burdensome, not relevant, overly intrusive, and not proportional to the needs of the case. Plaintiff has not provided any reason in its Complaint or otherwise as to how and why any flash drive, external hard drive, or other electronic information storage device are related to the claims and/or defenses of this Litigation.  There are no allegations Defendant Barnhiser improperly removed any property, documents, or other information from The Waterford's premises, its intranet, its systems, or her Waterford desktop computer via a flash drive, external hard drive, or other electronic information storage device.  The Waterford management physically watched Defendant Barnhiser pack up her belongings on her last day of employment and escorted her off the premises, again establishing she did not take any Waterford or Capital Senior information with her.  This Request is the definition of a fishing expedition.  Defendant Barnhiser has already agreed to produce any documents in her possession remotely relating to The Waterford or Capital Senior as set forth herein, none of which have been shared with any third-party, including the named Defendants.

      Subject to and without waiving the foregoing and the General Objections, Defendant Barnhiser states she has no flash drive, external hard drive, or any other electronic information

storage device containing information relevant to The Waterford, Capital Senior, or this Litigation in her possession.

**Production Request No. 21:**  Any and all documents that You plan to use as exhibits at trial.

**RESPONSE:**  Defendant Barnhiser objects to Request No. 21 on the ground it is premature. Subject to and without waiving the foregoing and the General Objections, Defendant Barnhiser agrees to supplement her Response and produce responsive documents to this Request as discovery continues and/or as required by any Court-imposed deadlines or otherwise.

**Production Request No. 22:**  Any and all documents that relate to any person You intend to call as an expert witness at trial in this action, including but not limited to, the expert's curriculum vitae, report and all documents You provided to the expert.

**RESPONSE:**  Defendant Barnhiser objects to Request No. 22 to the extent is seeks information and items protected by the attorney-client privilege and/or attorney work product doctrine.  Defendant further objects to this Request on the ground it is premature.  Subject to and without waiving the foregoing and the General Objections, Defendant Barnhiser agrees to supplement her Response and produce responsive documents to this Request as discovery continues and/or as required by any Court-imposed deadlines or otherwise.

**Production Request No. 23:**  All documents not otherwise produced that relate in any way to the allegations contained in the Complaint.

**RESPONSE:**  Defendant Barnhiser objects to Request No. 23 on the ground it is overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case.  Defendant Barnhiser further objects to this Request on the grounds it is duplicative of the many other Requests herein. Specifically, it seeks documents and electronic information which are not properly limited in scope or topic in that the request seeks "all" documents that relate in any way to the allegations contained in the Complaint.  Defendant Barnhiser further objects to this Request on the ground it seeks items outside of her possession, custody or control.  Defendant Barnhiser cannot be expected to have "all

documents" that relate in any way to Plaintiff's allegations contained in the Complaint. This is especially true where not all causes of action stated in the Complaint are brought against Defendant Barnhiser alone. Furthermore, Defendant Barnhiser cannot be made to guess what "relate[s] in any way to the allegations contained in the Complaint."

Subject to and without waiving the foregoing and the General Objections, Defendant Barnhiser directs Plaintiff to the documents produced contemporaneously herewith and those produced on a rolling basis.

Dated:  January 13, 2023

Respectfully submitted,

By:  */s/ Kevin M. Cloutier*　　　　　　　　　

Kevin M. Cloutier, Esq. (*Admitted Pro Hac Vice*)
Mikela T. Sutrina, Esq. (*Admitted Pro Hac Vice*)
Victoria Hubona, Esq. (*Admitted Pro Hac Vice*)
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
321 North Clark Street, 32nd Floor
Chicago,  IL 60654
Tel: (312) 499-6300
Fax: (312) 499-6301
kcloutier@sheppardmullin.com
msutrina@sheppardmullin.com
vhubona@sheppardmullin.com

David A. Riepenhoff, Esq.
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP**
7775 Walton Parkway, Suite 200
New Albany, Ohio 43054
Tel: (614) 221-1216
Fax: (614) 221-8769
driepenhoff@fisheldowney.com

*Counsel for Defendant Heather Barnhiser, Ellie Selders, Meridian Senior Living, LLC and Maumee Pointe, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 13, 2023 a copy of Defendant Heather Barnhiser's Answers and Objections to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents and Things to Defendant Heather Barnhiser was served via e-mail upon the following parties:

Joseph N. Gross
Richard Hepp
Benesch, Friedlander, Coplan & Aronoff LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
jgross@beneschlaw.com
rhepp@beneschlaw.com
*Attorneys for Plaintiff Capital Senior Living, Inc.*

<u>*/s/ Victoria W. Hubona*</u>
One of the Attorneys for Defendants

### <u>VERIFICATION</u>

I verify, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information and belief.

_____     01/13/23

       Heather Barnhiser             Date