# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| CAPITAL SENIOR LIVING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:22-cv-00606 |
| | ) | |
| HEATHER BARNHISER, ELLIE SELDERS, | ) | |
| MERIDIAN SENIOR LIVING, LLC, and | ) | |
| MAUMEE POINTE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

### ANSWERS AND OBJECTIONS OF DEFENDANT ELLIE SELDERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

Defendant Ellie Selders, by and through her undersigned counsel, submits the following Answers and Objections to Plaintiff's First Set of Interrogatories and Request for Production of Documents and Things:

### PRELIMINARY STATEMENT

These responses are made solely for the purpose of, and in relation to, the above-captioned action.  Each response is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds that would require the exclusion of any statement herein if any request were asked of, or if any statement contained herein were made by, any witness testifying in court, either in person or by way of deposition, all of which objections and grounds are reserved and may be interposed at the time of trial.  In responding to these Interrogatories and Request for Production of Documents and Things, Defendant Selders does not waive any proper objection to the use or introduction into evidence of her responses or information provided therein.

-1-

Defendant Selders reserves the right to amend or supplement her objections or responses. These responses are made without prejudice to Defendant Selders's right to develop and use other information not provided herein, including without limitation subsequently discovered information and information presently known to Defendant Selders but whose specific relevancy, significance or applicability to the subject matter of this lawsuit has not yet been ascertained at any evidentiary hearing or trial regarding this matter.

Inadvertent disclosure of information by Defendant Selders does not and shall not constitute waiver of any applicable privilege, nor should disclosure of information be construed to waive any objection to the admission of information in evidence, including without limitation that of relevancy.

All of the responses to the Interrogatories and Request for Production of Documents and Things are subject to the foregoing statements.

## GENERAL OBJECTIONS

1.      Defendant Selders objects to these Interrogatories and Request for Production of Documents and Things to the extent that they are vague and ambiguous.  Defendant Selders's answers to each Interrogatory and Request for Production of Documents and Things are based on her understanding and interpretation thereof.  To the extent that Plaintiff later asserts a different understanding, Defendant Selders reserves her right to supplement or amend her responses.

2.      Defendant Selders generally objects to these Interrogatories and Request for Production of Documents and Things to the extent that they seek information unavailable at this stage of the proceedings.  Each of Defendant Selders's responses is made subsequent to a diligent search and reasonable inquiry.  However, Defendant Selders has not yet completed written discovery, depositions, or her investigation of the facts underlying this lawsuit.  It is

anticipated that further discovery, investigation, legal research, and analyses will supply additional facts, add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes in, and variations from the contentions set forth herein.  Accordingly, the answers set forth herein are provided without prejudice to Defendant Selders's right to produce evidence of any subsequently discovered facts or interpretations thereof, and/or to add, modify or otherwise change or amend the answers herein.  The information hereinafter set forth is true and correct to the best of Defendant Selders's knowledge at this particular time, but is subject to correction for inadvertent errors or omissions, if any such errors or omissions are later found to exist.  Except for facts explicitly admitted herein, no admission of any nature whatsoever is implied by or to be inferred from the responses.

3.    Defendant Selders generally objects to these Interrogatories and Request for Production of Documents and Things to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other rule of privilege or confidentiality provided by law.  Defendant Selders will not provide such information in response to any Interrogatories and Request for Production of Documents and Things.

4.    Each answer is given subject to all appropriate objections (including but not limited to, objections concerning competency, relevancy, materiality, proprietary and admissibility) which would require the exclusion of any response, document or thing produced at the time of trial or any evidentiary hearing.  All such objections and grounds are reserved and may be made at any evidentiary hearing, trial or arbitration regarding this matter.

Subject to and without limiting these General Objections, which are hereby incorporated

by reference into each response set forth below, whether or not specifically referenced in each response, Defendant Selders responds to Plaintiff's First Set of Interrogatories and Request for Production of Documents and Things as follows:

**ANSWERS AND OBJECTIONS TO FIRST INTERROGATORIES**

**Interrogatory No. 1:**  Identify the documents You reviewed in preparing the answers and responses to these Discovery Requests and the documents reviewed by each and every person with whom You consulted or upon whom You relied or who otherwise constituted a source of information for You in connection with the preparation of Your answers and responses to these Discovery Requests, listing with respect to each and every document the Discovery Request to which such document has relevance.

**ANSWER:**  Defendant Selders objects to Interrogatory No. 1 to the extent it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine.  Subject to and without waiving the foregoing and the General Objections, Defendant Selders refers Plaintiff to Defendants' joint production of documents.  Further, Defendant Selders provides she conferred with in-house and outside counsel for Defendants in preparing her Answers and Objections as stated herein.  Defendant Selders reserves her right to supplement this Interrogatory as discovery continues.

**Interrogatory No. 2:**  State whether You have entered into any oral or written agreement with Capital Senior and, if so, identify the date of any and all such agreements and state whether such agreements are written or oral.

**ANSWER:**  Defendant Selders objects to Interrogatory No. 2 to the extent it seeks information already in Plaintiff's possession.  Defendant Selders further objects that the term "oral or written agreement" is vague, ambiguous, and undefined.  Subject to and without waiving the foregoing and the General Objections, Defendant Selders states she is not aware of any agreement to which she entered with Capital Senior.

**Interrogatory No. 3:**  Identify each position of employment, or any other business activity, You have held or engaged in since You became employed by Capital Senior, and for each position of employment or business activity include:

    a.      Your date of hire or placement in the position identified and the termination date, if applicable;

    b.      The name and address of Your employer or business associate(s);

    c.      Your duties and responsibilities;

    d.      Your salary or compensation for each position held, including any bonuses or commissions or other such forms of compensation You were or are eligible to receive; and

    e.      The reasons for terminating such employment or business activity.

**ANSWER:** Defendant Selders objects to Interrogatory No. 3 on the ground it is overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case. Specifically, Interrogatory No. 3 seeks information pertaining to employment or engagement of Defendant Selders during and after her employment with Capital Senior. However, Defendant Selders was never employed by Capital Senior and/or The Waterford. Outside of Defendant Selders's employment with Aegis Therapies, this information is not relevant to the allegations in the Complaint and is unrelated to any Party's claims and/or defenses in this Litigation. Defendant Selders also objects to Interrogatory No. 3 on the basis that its subparts are actually multiple interrogatories inappropriately grouped as one Interrogatory, and further objects to these Interrogatories generally to the extent Plaintiff exceeds its permitted interrogatories under Federal Rule of Civil Procedure 33. Defendant Selders further objects to this Interrogatory on the grounds it seeks "salary or compensation information" from her current employer, which is confidential and competitively sensitive information and not related to any of the allegations in the Complaint. Subject to and without waiving the foregoing and the General Objections, Defendant Selders states (a) she was hired by Meridian in the winter of 2021/2022 as the Montessori Moment in Time Director for Maumee Pointe; (b) Maumee Pointe is located at 1050 Medical Ctr Pkwy, Maumee,

OH 43537; (c) as the Montessori Moment in Time Director for Maumee Pointe, Defendant Selders was in charge of assisting residents as it relates to memory care and overseeing scheduling for Maumee Pointe's memory care initiatives; (d) Defendant Selders directs Plaintiff to Bates-labeled documents JOINTDEFS_000000145-46 and 287-89; and (e) in December 2022, a new operating company took over operations of Maumee Pointe from Meridian and eliminated the Montessori Moment in Time Director position.

**Interrogatory No. 4:**   Identify each representative of Meridian and/or Maumee Pointe with whom you spoke prior to beginning your current employment with Meridian and/or Maumee Pointe.

**ANSWER:**   Defendant Selders objects to Interrogatory No. 4 on the ground it is overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case.  This Interrogatory seeks identification of representatives of Defendant Meridian and/or Defendant Maumee Pointe whom Defendant Selders spoke to prior to beginning her current employment. However, Plaintiff's claim against Defendant Selders does not relate to her current employment, and Plaintiff has failed to explain how such information is relevant to this Lawsuit.  Subject to and without waiving the foregoing and the General Objections, Defendant Selders states she spoke with Heather Barnhiser, Sue Johnston, and Dawna Koiser prior to beginning her previous employment at Maumee Pointe.

**Interrogatory No. 5:**   Identify the name of the individual who offered you your current employment at Meridian and/or Maumee Pointe.

**ANSWER:**   Defendant Selders objects to Interrogatory No. 5 on the ground it is not relevant to the needs of the case.  This Interrogatory seeks identification of the individual who offered Defendant Selders her current employment.  However, Plaintiff's claim against Defendant Selders does not relate to her current employment or any information surrounding the process leading to her current employment, and Plaintiff has failed to explain how such information

supports its claim against Defendant Selders.  Subject to and without waiving the foregoing and the General Objections, Defendant Selders states Sue Johnston extended her an offer of employment for her previous position at Maumee Pointe.

**Interrogatory No. 6:**  State whether You have entered into any oral or written agreement with Meridian and, if so, identify the date of any and all such agreements and state whether such agreements are written or oral.

**ANSWER:**  Defendant Selders objects to Interrogatory No. 6 on the ground that the term "oral or written agreement" is vague, ambiguous, and undefined.  "[A]ny oral or written agreement" can span numerous arrangements unrelated to this Litigation.  Plaintiff fails to explain or provide reasoning as to how "any" agreement Defendant Selders may have entered into with Defendant Meridian is relevant to any claims and/or defenses in this Litigation.

Subject to and without waiving the foregoing and the General Objections, Defendant Selders directs Plaintiff to Bates-labeled documents JOINTDEFS_000000123-24, 145-46, and 187.

**Interrogatory No. 7:**  State whether You have entered into any oral or written agreement with Maumee Pointe and, if so, identify the date of any and all such agreements and state whether such agreements are written or oral.

**ANSWER:**  Defendant Selders objects to Interrogatory No. 7 on the ground that the term "oral or written agreement" is vague, ambiguous, and undefined.  "[A]ny oral or written agreement" can span numerous arrangements unrelated to this Litigation.  Plaintiff fails to explain or provide reasoning as to how "any" agreement Defendant Selders may have entered into with Defendant Maumee Pointe is relevant to any claims and/or defenses in this Litigation.

Subject to and without waiving the foregoing and the General Objections, Defendant Selders states she has not entered into any agreement with Maumee Pointe.

**Interrogatory No. 8:**  Identify any and all communications between You and any and all employees, agents and/or representatives of any of the Defendants concerning Capital Senior, including its employees and residents, during the period of July 1, 2021, through the present, and state the date of such communication and the medium utilized for the communication.

**ANSWER:**  Defendant Selders objects to Interrogatory No. 8 on the ground it seeks information protected by the attorney-client privilege.  Defendant Selders also objects to this Interrogatory on the grounds that "agents and/or representatives" is an overly broad, vague, and undefined term.  Defendant Selders has no way to ascertain who may be an "agent" or "representative" of any of the named Defendants.  Further, the term "Capital Senior" is vague, ambiguous, overbroad, and undefined.  Defendant Selders understands Capital Senior Living, Inc. rebranded as "Sonida" Senior Living, Corp. ("Sonida") in November 2021.  Sonida purports to operate at least 75 communities that are home to nearly 7,000 residents across 18 states (https://www.businesswire.com/news/home/20211115005444/en/Capital-Senior-Living-Changes-Name-to-Sonida-Senior-Living).  Sonida's company size on its LinkedIn page states, as of the date these Answers are served, it employs between 5,001-10,000 employees (https://www.linkedin.com/company/sonida-senior-living/about/).  To require Defendant Selders to identify any and all communications concerning up to 17,000 individuals and 75 senior living communities is unduly burdensome, not relevant, and not proportional to the needs of the case. Defendant Selders was employed by Aegis Therapies and worked for Aegis Therapies at The Waterford; she was not employed by Capital Senior.  The Waterford is the only relevant entity owned by Plaintiff in this Litigation as related to the Parties' claims and/or defenses.  Defendant Selders also objects to the time period, July 1, 2021 through the present, as being overbroad where the Complaint states Defendant Selders's employment at The Waterford ended in January 2022, and Plaintiff's Complaint contains no allegations justifying such an expansive time period. Defendant Selders further objects to Interrogatory No. 8 to the extent it implicates the privacy of individuals not party to this Litigation.

Subject to and without waiving the foregoing and the General Objections, Defendant

Selders states she has had conversations with Heather Barnhiser concerning Defendant Barnhiser's employment with Capital Senior as it relates to this Lawsuit and otherwise.

**Interrogatory No. 9:**  Identify any and all communications between You and any and all employees, agents and/or representatives of Capital Senior regarding any of the named Defendants prior to the separation of Your employment with Capital Senior, and state the date of such communication and the medium utilized for the communication.

      **ANSWER:**  Defendant Selders objects to Interrogatory No. 9 on the ground the term "Capital Senior" is vague, ambiguous, overbroad, and undefined.  Defendant Selders understands Capital Senior Living, Inc. rebranded as "Sonida" in November 2021.  Sonida purports to operate at least 75 communities that are home to nearly 7,000 residents across 18 states (https://www.businesswire.com/news/home/20211115005444/en/Capital-Senior-Living-Changes-Name-to-Sonida-Senior-Living).  To require Defendant Selders to identify any and all communications with up to and/or more than 10,000 individuals is unduly burdensome, not relevant, and not proportional to the needs of the case.  Defendant Selders was employed by Aegis Therapies and worked for Aegis Therapies at The Waterford; she was not employed by Capital Senior.  The Waterford is the only relevant entity owned by Plaintiff in this Litigation as related to the Parties' claims and/or defenses.  Defendant Selders also objects to this Interrogatory to the extent it is not limited by a relevant time period.  Defendant Selders further objects to this Interrogatory to the extent it implicates the privacy of individuals not party to this Litigation.  Defendant Selders's personal communications with Capital Senior's employees, agents, and/or representatives, particularly where Defendant Selders has personal relationships with individuals with whom she worked with at The Waterford is intrusive, overly broad, and in no way related to the claims of the litigation.

      Subject to and without waiving the foregoing and General Objections, Defendant Selders states she has had general conversations with employees of The Waterford prior to the separation

of her employment with Aegis Therapies to notify the individuals of her resignation and subsequent employment.

**Interrogatory No. 10:**  Identify any and all communications between You and any and all employees, agents and/or representatives of Capital Senior since the separation of Your employment with Capital Senior, and state the date of such communication and the medium utilized for the communication.

ANSWER:  Defendant Selders objects to Interrogatory No. 10 on the ground the term "Capital Senior" is vague, ambiguous, overbroad, and undefined.  Defendant Selders understands Capital Senior Living, Inc. rebranded as "Sonida" in November 2021.  Sonida's company size on its LinkedIn page states, as of the date these Answers are served, it employs between 5,001-10,000 employees  (https://www.linkedin.com/company/sonida-senior-living/about/).  To require Defendant Selders to identify any and all communications with up to and/or more than 10,000 individuals is unduly burdensome, not relevant, and not proportional to the needs of the case. Defendant Selders was employed by Aegis Therapies and worked for Aegis Therapies at The Waterford; she was not employed by Capital Senior.  The Waterford is the only relevant entity owned by Plaintiff in this Litigation as related to the Parties' claims and/or defenses.  Defendant Selders further objects to this Interrogatory on the ground it is not limited by subject matter and/or topic in proportion to the needs of the case.  Defendant Selders further objects to this Interrogatory to the extent it implicates the privacy of individuals not party to this Litigation.  Defendant Selders's personal communications with Capital Senior's employees, agents, and/or representatives, particularly where Defendant Selders has personal relationships with individuals with whom she worked with at The Waterford is intrusive, overly broad, and in no way related to the claims of the Litigation.

Subject to and without waiving the foregoing and General Objections, Defendant Selders states she has had continuing conversations of a personal nature with Meredith Gladwell, Courtney

Snyder, and Darlene Lubinski. Additionally, Jen Fackler texted Defendant Selders the day after her departure from Aegis Therapies regarding her company password, to which Defendant Selders did not respond.

**Interrogatory No. 11:** Identify any and all communications between You and any and all current or former residents of Capital Senior regarding any of the named Defendants prior to the separation of Your employment with Capital Senior, and state the date of such communication and the medium utilized for the communication.

ANSWER: Defendant Selders objects to Interrogatory No. 11 on the ground the term "Capital Senior" is vague, ambiguous, overbroad, and undefined. Defendant Selders understands Capital Senior Living, Inc. rebranded as "Sonida" in November 2021. Sonida purports to operate at least 75 communities that are home to nearly 7,000 residents across 18 states (https://www.businesswire.com/news/home/20211115005444/en/Capital-Senior-Living-Changes-Name-to-Sonida-Senior-Living). To require Defendant Selders to identify any and all communications with up to and/or more than 7,000 individuals across 75 senior living communities is unduly burdensome, not relevant, and not proportional to the needs of the case. Defendant Selders was employed by Aegis Therapies and worked for Aegis Therapies at The Waterford; she was not employed by Capital Senior. The Waterford is the only relevant entity owned by Plaintiff in this Litigation as related to the Parties' claims and/or defenses. A large portion of Defendant Selders duties in her position for Aegis Therapies was interacting with residents of The Waterford daily. Defendant Selders also objects to this Interrogatory to the extent it is not limited by a relevant time period. Defendant Selders further objects to this Interrogatory to the extent it implicates the privacy of individuals not party to this Litigation.

Subject to and without waiving the foregoing and General Objections, Defendant Selders states that through her employment with Aegis Therapies, she spoke with residents of The Waterford daily concerning a broad range of topics.

**Interrogatory No. 12:**   Identify any and all communications between You and any and all current or former residents of Capital Senior since the separation of Your employment with Capital Senior, and state the date of such communication and the medium utilized for the communication.

**ANSWER:**  Defendant Selders objects to Interrogatory No. 12 on the ground the term "Capital Senior" is vague, ambiguous, overbroad, and undefined.  Defendant Selders understands Capital Senior Living, Inc. rebranded as "Sonida" in November 2021.  Sonida purports to operate at least 75 communities that are home to nearly 7,000 residents across 18 states (https://www.businesswire.com/news/home/20211115005444/en/Capital-Senior-Living-Changes-Name-to-Sonida-Senior-Living).  To require Defendant Selders to identify any and all communications with up to and/or more than 7,000 individuals across 75 senior living communities is unduly burdensome, not relevant, and not proportional to the needs of the case.  Defendant Selders was employed by Aegis Therapies and worked for Aegis Therapies at The Waterford; she was not employed by Capital Senior.  The Waterford is the only relevant entity owned by Plaintiff in this Litigation as related to the Parties' claims and/or defenses.  Defendant Selders further objects to this Interrogatory to the extent it implicates the privacy of individuals not party to this Litigation.  Defendant Selders further objects to this Interrogatory on the ground it is not limited by subject matter and/or topic in proportion to the needs of the case.

Subject to and without waiving the foregoing and General Objections, Defendant Selders states that in February 2022, Dorothy Davis's family requested a tour of Maumee Pointe.  As part of that tour, Defendant Selders provided a tour of Maumee Pointe's memory care unit to Dorothy Davis's family.

**Interrogatory No. 13:**   Identify any and all communications between You and any of the named Defendants in the Complaint concerning Capital Senior's employees during the period of July 1, 2021 through the present, and state the date of such communication and the medium utilized for the communication.

**ANSWER:**  Defendant Selders objects to Interrogatory No. 13 on the ground it seeks information protected by the attorney-client privilege.  The Interrogatory fails to identify any specific Maumee Pointe or Meridian employee for whom it seeks communications.  Further, the term "Capital Senior" is vague, ambiguous, overbroad, and undefined.  Defendant Selders understands Capital Senior Living, Inc. rebranded as "Sonida" in November 2021.  Sonida's company size on its LinkedIn page states, as of the date these Answers are served, it employs between 5,001-10,000 employees (https://www.linkedin.com/company/sonida-senior-living/about/).  To require Defendant Selders to identify any and all communications concerning up to and/or more than 10,000 individuals is unduly burdensome, not relevant, and not proportional to the needs of the case.  Defendant Selders was employed by Aegis Therapies and worked for Aegis Therapies at The Waterford; she was not employed by Capital Senior and has no way of knowing whether certain individuals are in some way affiliated with Sonida.  The Waterford is the only relevant entity owned by Plaintiff in this Litigation as related to the Parties' claims and/or defenses.  Defendant Selders also objects to Interrogatory No. 13 to the extent it implicates the privacy of individuals not party to this Litigation.  Defendant Selders also objects to the time period, July 1, 2021 through the present, as being overbroad where the Complaint states Defendant Selders's employment at The Waterford ended in January 2022, and Plaintiff's Complaint contains no allegations justifying such an expansive time period.

Subject to and without waiving the foregoing and the General Objections, Defendant Selders agrees to produce non-privileged, responsive documents to this Interrogatory, and will supplement her response accordingly.

**Interrogatory No. 14:**  Identify any and all communications between You and any of the named Defendants in the Complaint concerning Capital Senior's residents during the period of July 1, 2021 through the present, and state the date of such communication and the medium utilized for the communication.

**ANSWER:**  Defendant Selders objects to Interrogatory No. 14 on the ground it seeks information protected by the attorney-client privilege.  The Interrogatory fails to identify any specific Maumee Pointe or Meridian employee for whom it seeks communications.  Further, the term "Capital Senior" is vague, ambiguous, overbroad, and undefined.  Defendant Selders understands Capital Senior Living, Inc. rebranded as "Sonida" in November 2021.  Sonida purports to operate at least 75 communities that are home to nearly 7,000 residents across 18 states (https://www.businesswire.com/news/home/20211115005444/en/Capital-Senior-Living-Changes-Name-to-Sonida-Senior-Living).  To require Defendant Selders to identify any and all communications concerning up to and/or more than 7,000 individuals across 75 senior living communities is unduly burdensome, not relevant, and not proportional to the needs of the case.  Defendant Selders was employed by Aegis Therapies and worked for Aegis Therapies at The Waterford; she was not employed by Capital Senior and has no way of knowing whether certain individuals are in some way affiliated with Sonida.  The Waterford is the only relevant entity owned by Plaintiff in this Litigation as related to the Parties' claims and/or defenses.  Defendant Selders also objects to Interrogatory No. 14 to the extent it implicates the privacy of individuals not party to this Litigation.  Defendant Selders also objects to the time period, July 1, 2021 through the present, as being overbroad where the Complaint states Defendant Selders's employment at The Waterford ended in January 2022, and Plaintiff's Complaint contains no allegations justifying such an expansive time period.  Defendant Selders further objects to this Interrogatory to the extent it seeks communications protected from disclosure by the attorney-client privilege.

Subject to and without waiving the foregoing and the General Objections, Defendant Selders agrees to produce non-privileged, responsive documents to this Interrogatory, and will supplement her response accordingly.

**Interrogatory No. 15:**    Identify any and all communications between You and any of the named Defendants in the Complaint concerning Capital Senior's Confidential Information during the period of July 1, 2021 through the present, and state the date of such communication and the medium utilized for the communication.

        **ANSWER:**  Subject to and without waiving the General Objections, Defendant Selders

states she has not communicated with any of the named Defendants in the Complaint concerning

Capital Senior's Confidential Information.

**Interrogatory No. 16:**    Identify every court action and arbitration, disciplinary, administrative, agency, or regulatory hearing or proceeding, whether civil, criminal, or otherwise, in which You are or were a party or claimant, or for which You provided testimony under oath, whether before a local, state, or federal court, governmental agency, commission, arbitration forum, regulatory or self-regulatory organization, or otherwise.

        **ANSWER:**  Defendant Selders objects to Interrogatory No. 16 on the ground it seeks

information concerning confidential and/or otherwise private proceedings.  Subject to and without

waiving the foregoing and the General Objections, Defendant Selders states she has not been party

to or otherwise involved in any capacity in any court action, arbitration, disciplinary,

administrative, agency, or regulatory hearing or proceeding, whether civil, criminal, or otherwise.

**Interrogatory No. 17:**    Identify any and all documents and electronically stored information You have provided to any and all employees, agents and/or representatives of any of the named Defendants, concerning, regarding, or related to Capital Senior and state the date on which You provided the document(s) and electronically stored information, the recipient of the document(s) and electronically stored information, and the content of the document(s) and electronically stored information.

        **ANSWER:**  Subject to and without waiving the General Objections, Defendant Selders

states she has not provided any employees, agents, and/or representatives of any of the named

Defendants documents or electronically stored information regarding or related to Capital Senior.

**Interrogatory No. 18:**    Identify any and all documents and electronically stored information belonging to, referring to or relating to Capital Senior currently in Your possession.

        **ANSWER:**  Defendant Selders objects to Interrogatory No. 18 on the ground the term

"Capital Senior" is vague, ambiguous, overbroad, and undefined.   Defendant Selders was

employed by Aegis Therapies and worked for Aegis Therapies at The Waterford; she was not employed by Capital Senior.  The Waterford is the only relevant entity owned by Plaintiff in this Litigation as related to the Parties' claims and/or defenses.

Subject to and without waiving the foregoing and the General Objections, Defendant Selders states she has no documents or electronically stored information in her possession belonging to, referring to, or relating to The Waterford or otherwise with the term "Capital Senior" somewhere on or within the contents of the document outside of a W-2 statement and a letter of reference.

**Interrogatory No. 19:**     Identify all persons whom You believe have knowledge or information concerning the claims set forth in the Complaint, and state with specificity the substance of each witness's knowledge, or information.

**ANSWER:**  Defendant Selders refers Plaintiff to Defendants' Joint Initial Disclosures.

**Interrogatory No. 20:**  Identify any and all documents and electronic information which identify, relate to, concern or refer to any communications between Meridian and current and former residents of Capital Senior since the separation of Your employment with Capital Senior through the present.

**ANSWER:**  Defendant Selders objects to Interrogatory No. 20 on the ground she does not have access to "all documents and electronic information which identify, relate to, concern or refer to any communications" between Defendant Meridian and current and former residents of Capital Senior.  The Interrogatory fails to identify any specific Meridian employee for whom it seeks such documents and/or communications, and Defendant Selders has no way to access or even ascertain which Meridian employees would be in possession of such documents.  Defendant Selders further objects to Interrogatory No. 20 to the extent it implicates the privacy rights of individuals not party to this Litigation.  Defendant Selders also objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case.  Specifically, it seeks documents and electronic information which are not properly limited in scope or topic in that

the request seeks "all" documents and electronic information which identify, relate to, concern or refer to any communications between Meridian and current and former residents of Capital Senior regardless of whether such documents are related to the claims in the Lawsuit. Further, the terms "Meridian" and "Capital Senior" are vague, ambiguous, overbroad, and undefined. Defendant Selders understands Capital Senior Living, Inc. rebranded as "Sonida" in November 2021. Sonida purports to operate at least 75 communities that are home to nearly 7,000 residents across 18 states (https://www.businesswire.com/news/home/20211115005444/en/Capital-Senior-Living-Changes-Name-to-Sonida-Senior-Living). To require Defendant Selders to identify any and all communications between Defendant Meridian and up to and/or more than 7,000 individuals across 75 senior living communities is unduly burdensome, not relevant, and not proportional to the needs of the case. Defendant Selders will not agree to produce information in response to Interrogatory No. 20 as drafted.

**Interrogatory No. 21:** Identify any and all documents and electronic information which identify, relate to, concern, or refer to any communications between Maumee Pointe and current and former residents of Capital Senior since the separation of Your employment with Capital Senior through the present.

ANSWER: Defendant Selders objects to Interrogatory No. 21 on the ground she does not have access to "all documents and electronic information which identify, relate to, concern or refer to any communications" between Defendant Maumee Pointe and current and former residents of Capital Senior. The Interrogatory fails to identify any specific Maumee Pointe employee for whom it seeks such documents and/or communications, and Defendant Selders has no way to access or even ascertain which Maumee Pointe employees would be in possession of such documents. Defendant Selders further objects to Interrogatory No. 21 to the extent it implicates the privacy rights of individuals not party to this Litigation. Defendant Selders also objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional to

the needs of the case.  Specifically, it seeks documents and electronic information which are not properly limited in scope or topic in that the request seeks "all" documents and electronic information which identify, relate to, concern or refer to any communications between Maumee Pointe and current and former residents of Capital Senior regardless of whether such documents are related to the claims in the Lawsuit.   Further, the terms "Maumee Pointe" and "Capital Senior" are vague, ambiguous, overbroad, and undefined.  Defendant Selders understands Capital Senior Living, Inc. rebranded as "Sonida" in November 2021.  Sonida purports to operate at least 75 communities that are home to nearly 7,000 residents across 18 states (https://www.businesswire.com/news/home/20211115005444/en/Capital-Senior-Living-Changes-Name-to-Sonida-Senior-Living).   To require Defendant Selders to identify any and all communications between Defendant Maumee Pointe and up to and/or more than 7,000 individuals across 75 senior living communities is unduly burdensome, not relevant, and not proportional to the needs of the case.  Defendant Selders will not agree to produce information in response to Interrogatory No. 21 as drafted.

**Interrogatory No. 22:**  Identify to any person You intend to call as an expert witness at trial in this action and describe the subject matter on which the expert witness will testify.

ANSWER:  Defendant Selders objects to Interrogatory No. 22 on the ground it seeks information protected by the attorney-client privilege.  Subject to and without waiving the foregoing and the General Objections, Defendant Selders has not yet identified any individuals she intends to call as an expert witness at trial in this action.  Defendant Selders will make such disclosures as appropriate under the Federal Rules of Civil Procedure and any scheduling order by the Court.

## RESPONSES AND OBJECTIONS TO FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**Production Request No. 1:**  Any and all documents, communications, and electronically stored information You identified in Your answers to Capital Senior's Interrogatories.

**RESPONSE:**  Defendant Selders refers Plaintiff to Defendants' joint production of documents.

**Production Request No. 2:**  Any and all documents, communications, and electronically stored information which You received or came to possess in the course of Your employment with Capital Senior.

**RESPONSE:**  Defendant Selders objects to Request No. 2 on the grounds it is overbroad, unduly burdensome, and not proportional to the needs of the case.  Defendant Selders was employed by Aegis Therapies and worked for Aegis Therapies at The Waterford; she was not employed by Capital Senior.  While at The Waterford, Defendant Selders "received" or "came to possess" (both of which are vague and ambiguous terms) hundreds if not thousands of documents, communications, and electronically stored information in the course of her employment with Aegis Therapies working at The Waterford.  As drafted, this Request seeks every email, memo, application, resident file, or any other number of types of documents and communications ever received during her employment with Aegis Therapies as it relates to The Waterford or Capital Senior.  The Request is not limited in any capacity, including by time frame, subject, matter, or general topic.  Defendant Selders further objects to Request No. 2 to the extent that it requests documents not in the possession or control of Defendant Selders since the separation of her employment from Aegis Therapies.  She has no access to any Capital Senior email accounts, Capital Senior systems, or Capital Senior information.

Subject to and without waiving the foregoing and the General Objections, Defendant Selders states she has no documents responsive to this Request.

**Production Request No. 3:** A copy of any and all written documents related to the offer of and/or terms of your employment with Meridian and/or Maumee Pointe.

**RESPONSE:** Defendant Selders objects to Interrogatory No. 3 on the ground it is overbroad, unduly burdensome, not proportional to the needs of the case, and unrelated to any Party's claims and/or defenses in this Litigation. Specifically, the Complaint only contains one cause of action against Defendant Selders, which does not concern her offer of employment with, employment with, or the terms of her employment with Meridian and/or Maumee Pointe. Subject to and without waiving the foregoing and the General Objections, Defendant Selders agrees to produce responsive documents to this Request, to the extent any such responsive documents exist.

**Production Request No. 4:**  Any and all agreements entered into between You and Meridian.

**RESPONSE:** Defendant Selders objects to Request No. 4 on the grounds that it is not proportional to the needs of the case. Any agreements Defendant Selders may have entered into with Defendant Meridian are not relevant to the Parties' claims and/or defenses involved in this Litigation. Subject to and without waiving the foregoing and the General Objections, Defendant Selders agrees to produce responsive documents to this Request, to the extent any such responsive documents exist.

**Production Request No. 5:** Any and all agreements entered into between You and Maumee Pointe.

**RESPONSE:** Defendant Selders objects to Request No. 5 on the grounds that it is not proportional to the needs of the case. Any agreements Defendant Selders may have entered into with Defendant Maumee Pointe are not relevant to the Parties' claims and/or defenses involved in this Litigation. Subject to and without waiving the foregoing and the General Objections, Defendant Selders states she has not entered into any agreements with Maumee Pointe.

**Production Request No. 6:** Any and all documents and electronically stored information concerning any compensation, remuneration or other income paid to You by any of the Defendants.

**RESPONSE:** Defendant Selders objects to Request No. 6 on the ground it seeks

documents and electronically stored information that are not relevant to the Parties' claims and/or defenses nor proportional to the needs of the case.  Plaintiff has made no claims in its Complaint concerning Defendant Selders's compensation, remuneration or other income paid to her while employed by Plaintiff and/or any of the Defendants.  This Request is overly intrusive into Defendant Selders's personal financial information, and it is unnecessary.  Further, this information constitutes sensitive information regarding an alleged competitor.

Subject to and without waiving the General Objections, Defendant Selders agrees to produce responsive documents to this Request, to the extent any such responsive documents exist.

**Production Request No. 7:**  Any and all documents and electronically stored information You provided to any of the named Defendants concerning Capital Senior, including its residents and employees, during the period of July 1, 2021 through the present.

**RESPONSE:**  Defendant Selders objects to Request No. 7 on the ground the term "Capital Senior" is vague, ambiguous, overbroad, and undefined.  Defendant Selders understands Capital Senior Living, Inc. rebranded as "Sonida" in November 2021.  Sonida purports to operate at least 75 communities that are home to nearly 7,000 residents across 18 states (https://www.businesswire.com/news/home/20211115005444/en/Capital-Senior-Living-Changes-Name-to-Sonida-Senior-Living).  Sonida's company size on its LinkedIn page states, as of the date these Answers are served, it employs between 5,001-10,000 employees (https://www.linkedin.com/company/sonida-senior-living/about/).  To require Defendant Selders to identify any and all documents and electronically stored information concerning up to 17,000 individuals and 75 senior living communities is unduly burdensome, not relevant, and not proportional to the needs of the case.  Defendant Selders was employed by Aegis Therapies and worked for Aegis Therapies at The Waterford; she was not employed by Capital Senior and has no way of knowing whether certain individuals are in some way affiliated with Sonida.  The

Waterford is the only relevant entity owned by Plaintiff in this Litigation as related to the Parties' claims and/or defenses. As such, a Request which seeks documents relating to Capital Senior, which is Sonida, is incredibly overbroad, not proportional to the needs of the case, and very burdensome on Defendant Selders. Defendant Selders also objects to the time period, July 1, 2021 through the present, as being overbroad where the Complaint states Defendant Selders's employment at The Waterford ended in January 2022, and Plaintiff's Complaint contains no allegations justifying such an expansive time period. Defendant Selders further objects to Request No. 7 to the extent it implicates the privacy of individuals not party to this Litigation.

Subject to and without waiving the foregoing and the General Objections, Defendant Selders states she has not provided any of the named Defendants with any documents or electronically stored information relating to The Waterford, or to the best of her knowledge, subject to the foregoing objections, Capital Senior.

**Production Request No. 8:** Any and all documents and electronically stored information provided by any of the named Defendants to You concerning Capital Senior, including its residents and employees, during the period of July 1, 2021 through the present.

**RESPONSE:** Defendant Selders objects to Request No. 8 on the ground the term "Capital Senior" is vague, ambiguous, overbroad, and undefined. Defendant Selders understands Capital Senior Living, Inc. rebranded as "Sonida" in November 2021. Sonida purports to operate at least 75 communities that are home to nearly 7,000 residents across 18 states (https://www.businesswire.com/news/home/20211115005444/en/Capital-Senior-Living-Changes-Name-to-Sonida-Senior-Living). Sonida's company size on its LinkedIn page states, as of the date these Answers are served, it employs between 5,001-10,000 employees (https://www.linkedin.com/company/sonida-senior-living/about/). To require Defendant Selders to identify any and all documents and electronically stored information concerning up to 17,000

individuals and 75 senior living communities is unduly burdensome, not relevant, and not proportional to the needs of the case. Defendant Selders was employed by Aegis Therapies and worked for Aegis Therapies at The Waterford; she was not employed by Capital Senior and has no way of knowing whether certain individuals are in some way affiliated with Sonida. The Waterford is the only relevant entity owned by Plaintiff in this Litigation as related to the Parties' claims and/or defenses. As such, a Request which seeks documents relating to Capital Senior, which is Sonida, is incredibly overbroad, not proportional to the needs of the case, and very burdensome on Defendant Selders. Defendant Selders also objects to the time period, July 1, 2021 through the present, as being overbroad where the Complaint states Defendant Selders's employment at The Waterford ended in January 2022, and Plaintiff's Complaint contains no allegations justifying such an expansive time period. Defendant Selders further objects to Request No. 8 to the extent it implicates the privacy of individuals not party to this Litigation.

Subject to and without waiving the foregoing and the General Objections, Defendant Selders states none of the named Defendants have provided her with any documents or electronically stored information relating to The Waterford, or to the best of her knowledge, subject to the foregoing objections, Capital Senior.

**Production Request No. 9:** Any and all documents and electronically stored information You provided to Barnhiser concerning Capital Senior, including its residents and employees, since the separation of Your employment with Capital Senior through the present.

**RESPONSE:** Defendant Selders objects to Request No. 9 on the ground the term "Capital Senior" is vague, ambiguous, overbroad, and undefined. Defendant Selders understands Capital Senior Living, Inc. rebranded as "Sonida" in November 2021. Sonida purports to operate at least 75 communities that are home to nearly 7,000 residents across 18 states (https://www.businesswire.com/news/home/20211115005444/en/Capital-Senior-Living-Changes-

-23-

Name-to-Sonida-Senior-Living).  Sonida's company size on its LinkedIn page states, as of the date these Answers are served, it employs between 5,001-10,000 employees (https://www.linkedin.com/company/sonida-senior-living/about/).  To require Defendant Selders to identify any and all documents and electronically stored information concerning up to 17,000 individuals and 75 senior living communities is unduly burdensome, not relevant, and not proportional to the needs of the case.  Defendant Selders was employed by Aegis Therapies and worked for Aegis Therapies at The Waterford; she was not employed by Capital Senior and has no way of knowing whether certain individuals are in some way affiliated with Sonida.  The Waterford is the only relevant entity owned by Plaintiff in this Litigation as related to the Parties' claims and/or defenses.  As such, a Request which seeks documents relating to Capital Senior, which is Sonida, is incredibly overbroad, not proportional to the needs of the case, and very burdensome on Defendant Selders.  Defendant Selders further objects to Request No. 9 to the extent it implicates the privacy of individuals not party to this Litigation.

Subject to and without waiving the foregoing and the General Objections, Defendant Selders states she has not provided Defendant Barnhiser with any documents or electronically stored information relating to The Waterford, or to the best of her knowledge, subject to the foregoing objections, Capital Senior.

**Production Request No. 10:**  Any and all documents and electronically stored information provided by Barnhiser to You concerning Capital Senior, including its residents and employees, since the separation of Your employment with Capital Senior through the present.

**RESPONSE:**  Defendant Selders objects to Request No. 10 on the ground the term "Capital Senior" is vague, ambiguous, overbroad, and undefined.  Defendant Selders understands Capital Senior Living, Inc. rebranded as "Sonida" in November 2021.  Sonida purports to operate at least 75 communities that are home to nearly 7,000 residents across 18 states

(https://www.businesswire.com/news/home/20211115005444/en/Capital-Senior-Living-Changes-Name-to-Sonida-Senior-Living).  Sonida's company size on its LinkedIn page states, as of the date these Answers are served, it employs between 5,001-10,000 employees (https://www.linkedin.com/company/sonida-senior-living/about/).  To require Defendant Selders to identify any and all documents and electronically stored information concerning up to 17,000 individuals and 75 senior living communities is unduly burdensome, not relevant, and not proportional to the needs of the case.  Defendant Selders was employed by Aegis Therapies and worked for Aegis Therapies at The Waterford; she was not employed by Capital Senior and has no way of knowing whether certain individuals are in some way affiliated with Sonida.  The Waterford is the only relevant entity owned by Plaintiff in this Litigation as related to the Parties' claims and/or defenses.  As such, a Request which seeks documents relating to Capital Senior, which is Sonida, is incredibly overbroad, not proportional to the needs of the case, and very burdensome on Defendant Selders.  Defendant Selders further objects to Request No. 10 to the extent it implicates the privacy of individuals not party to this Litigation.

Subject to and without waiving the foregoing and the General Objections, Defendant Selders states Defendant Barnhiser has not provided her with any documents or electronically stored information relating to The Waterford, or to the best of her knowledge, subject to the foregoing objections, Capital Senior.

**Production Request No. 11:**  Any and all documents and electronically stored information You provided to Will Richardson concerning Capital Senior, including its residents and employees, since the separation of Your employment with Capital Senior through the present.

**RESPONSE:**  Defendant Selders objects to Request No. 11 on the ground the term "Capital Senior" is vague, ambiguous, overbroad, and undefined.  Defendant Selders understands Capital Senior Living, Inc. rebranded as "Sonida" in November 2021.  Sonida purports to operate

at least 75 communities that are home to nearly 7,000 residents across 18 states (https://www.businesswire.com/news/home/20211115005444/en/Capital-Senior-Living-Changes-Name-to-Sonida-Senior-Living).  Sonida's company size on its LinkedIn page states, as of the date these Answers are served, it employs between 5,001-10,000 employees (https://www.linkedin.com/company/sonida-senior-living/about/).  To require Defendant Selders to identify any and all documents and electronically stored information concerning up to 17,000 individuals and 75 senior living communities is unduly burdensome, not relevant, and not proportional to the needs of the case.  Defendant Selders was employed by Aegis Therapies and worked for Aegis Therapies at The Waterford; she was not employed by Capital Senior and has no way of knowing whether certain individuals are in some way affiliated with Sonida.  The Waterford is the only relevant entity owned by Plaintiff in this Litigation as related to the Parties' claims and/or defenses.  As such, a Request which seeks documents relating to Capital Senior, which is Sonida, is incredibly overbroad, not proportional to the needs of the case, and very burdensome on Defendant Selders.  Defendant Selders further objects to Request No. 11 to the extent it implicates the privacy of individuals not party to this Litigation.

Subject to and without waiving the foregoing and the General Objections, Defendant Selders states she had not provided Will Richardson with any documents or electronically stored information relating to The Waterford, or to the best of her knowledge, subject to the foregoing objections, Capital Senior.

**Production Request No. 12:**  Any and all documents and electronically stored information provided by Will Richardson to You concerning Capital Senior, including its residents and employees, since the separation of Your employment with Capital Senior through the present.

**RESPONSE:**  Defendant Selders objects to Request No. 12 on the ground the term "Capital Senior" is vague, ambiguous, overbroad, and undefined.  Defendant Selders understands

Capital Senior Living, Inc. rebranded as "Sonida" in November 2021.  Sonida purports to operate at least 75 communities that are home to nearly 7,000 residents across 18 states (https://www.businesswire.com/news/home/20211115005444/en/Capital-Senior-Living-Changes-Name-to-Sonida-Senior-Living).  Sonida's company size on its LinkedIn page states, as of the date these Answers are served, it employs between 5,001-10,000 employees (https://www.linkedin.com/company/sonida-senior-living/about/).  To require Defendant Selders to identify any and all documents and electronically stored information concerning up to 17,000 individuals and 75 senior living communities is unduly burdensome, not relevant, and not proportional to the needs of the case.  Defendant Selders was employed by Aegis Therapies and worked for Aegis Therapies at The Waterford; she was not employed by Capital Senior and has no way of knowing whether certain individuals are in some way affiliated with Sonida.  The Waterford is the only relevant entity owned by Plaintiff in this Litigation as related to the Parties' claims and/or defenses.  As such, a Request which seeks documents relating to Capital Senior, which is Sonida, is incredibly overbroad, not proportional to the needs of the case, and very burdensome on Defendant Selders.  Defendant Selders further objects to Request No. 12 to the extent it implicates the privacy of individuals not party to this Litigation.

Subject to and without waiving the foregoing and the General Objections, Defendant Selders states Will Richardson has not provided her with any documents or electronically stored information relating to The Waterford, or to the best of her knowledge, subject to the foregoing objections, Capital Senior.

**Production Request No. 13:**  Any and all documents and electronically stored information You provided to any employees, agents, or representatives of Capital Senior concerning any of the named Defendants, including its residents and employees, prior to the separation of Your employment with Capital Senior.

**RESPONSE:**  Defendant Selders objects to Request No. 13 on the ground the term

"Capital Senior" is vague, ambiguous, overbroad, and undefined.  Defendant Selders understands Capital Senior Living, Inc. rebranded as "Sonida" in November 2021.  Sonida's company size on its LinkedIn page states, as of the date these Answers are served, it employs between 5,001-10,000 employees (https://www.linkedin.com/company/sonida-senior-living/about/).  To require Defendant Selders to identify any and all documents and electronically stored information she provided to up and/or more than 10,000 individuals concerning any of the named Defendants is unduly burdensome, not relevant, and not proportional to the needs of the case.  Defendant Selders was employed by Aegis Therapies and worked for Aegis Therapies at The Waterford; she was not employed by Capital Senior and has no way of knowing whether certain individuals are in some way affiliated with Sonida.  The Waterford is the only relevant entity owned by Plaintiff in this Litigation as related to the Parties' claims and/or defenses.  As such, a Request which seeks documents relating to Capital Senior, which is Sonida, is incredibly overbroad, not proportional to the needs of the case, and very burdensome on Defendant Selders.  Defendant Selders also objects to this Request to the extent it is not limited by a relevant time period.  Defendant Selders further objects to Request No. 13 to the extent it implicates the privacy of individuals not party to this Litigation.

Subject to and without waiving the foregoing and the General Objections, Defendant Selders states she has not provided any employees, agents, or representatives of The Waterford, or to the best of her knowledge, subject to the foregoing objections, Capital Senior, with any documents or electronically stored information relating to any of the named Defendants prior to the separation of her employment from Aegis Therapies.

**Production Request No. 14:** Any and all documents and electronically stored information You provided to any employees, agents, or representatives of Capital Senior concerning Capital Senior, including its residents and employees, since the separation of Your employment with Capital Senior through the present.

**RESPONSE:**  Defendant Selders objects to Request No. 14 on the ground the term "Capital Senior" is vague, ambiguous, overbroad, and undefined.  Defendant Selders understands Capital Senior Living, Inc. rebranded as "Sonida" in November 2021.  Sonida purports to operate at least 75 communities that are home to nearly 7,000 residents across 18 states (https://www.businesswire.com/news/home/20211115005444/en/Capital-Senior-Living-Changes-Name-to-Sonida-Senior-Living).  Sonida's company size on its LinkedIn page states, as of the date these Answers are served, it employs between 5,001-10,000 employees (https://www.linkedin.com/company/sonida-senior-living/about/).  To require Defendant Selders to identify any and all documents and electronically stored information concerning up to 17,000 individuals and 75 senior living communities is unduly burdensome, not relevant, and not proportional to the needs of the case.  Defendant Selders was employed by Aegis Therapies and worked for Aegis Therapies at The Waterford; she was not employed by Capital Senior and has no way of knowing whether certain individuals are in some way affiliated with Sonida.  The Waterford is the only relevant entity owned by Plaintiff in this Litigation as related to the Parties' claims and/or defenses.  As such, a Request which seeks documents relating to Capital Senior, which is Sonida, is incredibly overbroad, not proportional to the needs of the case, and very burdensome on Defendant Selders.  Defendant Selders further objects to Request No. 14 to the extent it implicates the privacy of individuals not party to this Litigation.

Subject to and without waiving the foregoing and the General Objections, Defendant Selders states she has not provided any employees, agents, or representatives of The Waterford, or to the best of her knowledge, subject to the foregoing objections, Capital Senior, with any documents or electronically stored information relating to The Waterford, or to the best of her knowledge, subject to the foregoing objections, Capital Senior, since the separation of her

employment from Aegis Therapies.

**Production Request No. 15:** Any and all documents and electronically stored information provided by any employees, agents, or representatives of Capital Senior to You concerning Capital Senior, including its residents and employees, since the separation of Your employment with Capital Senior through the present.

     **RESPONSE:** Defendant Selders objects to Request No. 15 on the ground the term "Capital Senior" is vague, ambiguous, overbroad, and undefined. Defendant Selders understands Capital Senior Living, Inc. rebranded as "Sonida" in November 2021. Sonida purports to operate at least 75 communities that are home to nearly 7,000 residents across 18 states (https://www.businesswire.com/news/home/20211115005444/en/Capital-Senior-Living-Changes-Name-to-Sonida-Senior-Living). Sonida's company size on its LinkedIn page states, as of the date these Answers are served, it employs between 5,001-10,000 employees (https://www.linkedin.com/company/sonida-senior-living/about/). To require Defendant Selders to identify any and all documents and electronically stored information concerning up to 17,000 individuals and 75 senior living communities is unduly burdensome, not relevant, and not proportional to the needs of the case. Defendant Selders was employed by Aegis Therapies and worked for Aegis Therapies at The Waterford; she was not employed by Capital Senior and has no way of knowing whether certain individuals are in some way affiliated with Sonida. The Waterford is the only relevant entity owned by Plaintiff in this Litigation as related to the Parties' claims and/or defenses. As such, a Request which seeks documents relating to Capital Senior, which is Sonida, is incredibly overbroad, not proportional to the needs of the case, and very burdensome on Defendant Selders. Defendant Selders further objects to Request No. 15 to the extent it implicates the privacy of individuals not party to this Litigation.

     Subject to and without waiving the foregoing and the General Objections, Defendant Selders states no employees of The Waterford, or to the best of her knowledge, subject to the

foregoing objections, Capital Senior, have provided her with any documents or electronically stored information relating to The Waterford, or to the best of her knowledge, subject to the foregoing objections, Capital Senior, since the separation of her employment from Aegis Therapies.

**Production Request No. 16:** Any and all documents and electronic information concerning any communications between You and any resident of Capital Senior regarding any of the named Defendants prior to the separation of Your employment with Capital Senior.

      **RESPONSE:** Defendant Selders objects to Request No. 16 on the ground the term "Capital Senior" is vague, ambiguous, overbroad, and undefined. Defendant Selders understands Capital Senior Living, Inc. rebranded as "Sonida" in November 2021. Sonida purports to operate at least 75 communities that are home to nearly 7,000 residents across 18 states (https://www.businesswire.com/news/home/20211115005444/en/Capital-Senior-Living-Changes-Name-to-Sonida-Senior-Living). To require Defendant Selders to identify any and all documents and electronically stored information concerning communications with up to 7,000 individuals across 75 senior living communities is unduly burdensome, not relevant, and not proportional to the needs of the case. Defendant Selders was employed by Aegis Therapies and worked for Aegis Therapies at The Waterford; she was not employed by Capital Senior and has no way of knowing whether certain individuals are in some way affiliated with Sonida. The Waterford is the only relevant entity owned by Plaintiff in this Litigation as related to the Parties' claims and/or defenses. As such, a Request which seeks documents relating to Capital Senior, which is Sonida, is incredibly overbroad, not proportional to the needs of the case, and very burdensome on Defendant Selders. Defendant Selders also objects to this Request to the extent it is not limited by a relevant time period. Defendant Selders further objects to Request No. 16 to the extent it implicates the privacy of individuals not party to this Litigation.

Subject to and without waiving the foregoing and the General Objections, Defendant Selders states she has not provided any resident of The Waterford, or to the best of her knowledge, subject to the foregoing objections, Capital Senior, with any documents or electronically stored information relating to any of the named Defendants prior to the separation of her employment from Aegis Therapies.

**Production Request No. 17:** Any and all documents and electronic information concerning any communications between You and any resident of Capital Senior since the separation of Your employment with Capital Senior through the present.

**RESPONSE:**  Defendant Selders objects to Request No. 17 on the ground the term "Capital Senior" is vague, ambiguous, overbroad, and undefined.  Defendant Selders understands Capital Senior Living, Inc. rebranded as "Sonida" in November 2021.  Sonida purports to operate at least 75 communities that are home to nearly 7,000 residents across 18 states (https://www.businesswire.com/news/home/20211115005444/en/Capital-Senior-Living-Changes-Name-to-Sonida-Senior-Living).  To require Defendant Selders to identify any and all documents and electronically stored information concerning communications with up to 7,000 individuals and 75 senior living communities is unduly burdensome, not relevant, and not proportional to the needs of the case.  Defendant Selders was employed by Aegis Therapies and worked for Aegis Therapies at The Waterford; she was not employed by Capital Senior and has no way of knowing whether certain individuals are in some way affiliated with Sonida.  The Waterford is the only relevant entity owned by Plaintiff in this Litigation as related to the Parties' claims and/or defenses.  As such, a Request which seeks documents relating to Capital Senior, which is Sonida, is incredibly overbroad, not proportional to the needs of the case, and very burdensome on Defendant Selders.  Defendant Selders also objects to this Request to the extent it is not limited by a relevant time period.  Defendant Selders further objects to Request No. 17 to the extent it implicates the privacy

of individuals not party to this Litigation.

Subject to and without waiving the foregoing and the General Objections, Defendant Selders states she does not have any documents or electronic information concerning any communications between her and any resident of The Waterford, or to the best of her knowledge, subject to the foregoing objections, Capital Senior, within her possession.

**Production Request No. 18:** Any and all documents and electronically stored information containing, referring, or relating in any way to Capital Senior's Confidential Information.

**RESPONSE:** Defendant Selders objects to Request No. 18 on the ground she does not have access to any and all documents and electronically stored information containing, referring or relating in any way to Capital Senior's Confidential Information and this Request is in no way limited to what is in Defendant Selders's possession.

Subject to and without waiving the foregoing and the General Objections, Defendant Selders states she does not possess any Capital Senior Confidential Information.

**Production Request No. 19:** Any and all telephone or cell phone records including, without limitation, bills, invoices, call logs and/or call reports reflecting telephone calls or cell phone calls placed or received by You during the period of July 1, 2021, through the present.

**RESPONSE:** Defendant Selders objects to Request No. 19 on the ground it is overbroad, unduly burdensome, overly intrusive, not proportional to the needs of the case, and unrelated to any Party's claims and/or defenses in this Litigation, particularly as it relates to Defendant Selders. Request No. 19 is not limited in any capacity by topic, subject matter, or even an individual with whom Defendant Selders allegedly communicated via phone. Defendant Selders's telephone or cell phone records are unrelated to the claims and/or defenses of this Litigation, particularly where the context of the telephone and/or cell phone calls is not requested and impossible to ascertain over a year after the start of the relevant time period. Plaintiff is not entitled to the entirety of Defendant Selders's telephone and cell phone records for any time period, which seriously

-33-

implicates her privacy rights.  Defendant Selders also does not have access to her telephone or cell phone call logs and/or call reports for this entire time period and is under no obligation to seek out such information when it has no bearing on the claims or defenses in this Litigation.  Defendant Selders also objects to the time period, July 1, 2021 through the present, as being overbroad where the Complaint states Defendant Selders's employment at The Waterford ended in January 2022, and Plaintiff's Complaint contains no allegations justifying such an expansive time period.  This Request No. 19 further implicates the privacy of individuals not party to this Litigation.  Defendant Selders will not agree to produce items in response to Request No. 19 as drafted.

**Production Request No. 20:** Any and all recordings, data, correspondence and other documents (including, but not limited to Email, Facebook messages, and other electronically stored information) in any medium that relate in any way to the allegations contained in the Complaint.

**RESPONSE:**  Defendant Selders objects to Request No. 20 on the grounds it is overbroad, unduly burdensome, and not proportional to the needs of the case.  Request No. 20 is not limited by topic, subject, and/or a time frame.  Defendant Selders has no reasonable way to understand whether a document somehow "relate in any way" to the allegations in the Complaint.  This is especially true where not all causes of action stated in the Complaint are brought against Defendant Selders alone.  This Request No. 20 further implicates the privacy of individuals not party to this Litigation.

Subject to and without waiving the foregoing and the General Objections, Defendant Selders agrees to produce non-privileged, responsive correspondence or other documents which relate to the allegations against her set forth in the Complaint and which are in her possession and control.  Defendant Selders does not possess any "recordings" "relating to" the Complaint. Defendant Selders further states that she does not have access to certain text messages prior to April 2022 due to the fact that she had a routine practice of deleting text messages from her cell

phone inbox, regardless of sender. Defendant Selders has taken steps to obtain any potentially relevant text messages and will continue to do so to the extent possible. Since the inception of the lawsuit, Defendant Selders ceased her practice of routine deletions and has preserved all relevant evidence.

**Production Request No. 21:** Produce for imaging the hard drive of all computers and phones in Your possession or control that You used or may have used during the period of July 1, 2021, through the present.

      **RESPONSE:** Defendant Selders objects to Request No. 21 on the ground it is overbroad, unduly burdensome, overly intrusive, not proportional to the needs of the case, and unrelated to any Party's claims and/or defenses in this Litigation, particularly as it relates to Defendant Selders. Plaintiff has not provided any reason in its Complaint or otherwise as to how and why the hard drives of all of Defendant Selders's computers and phones are related to the claims and/or defenses of this Litigation. There are no allegations Defendant Selders sent herself or any third party Waterford or Capital Senior information (which she did not), nor are there any allegations she improperly removed any property, documents, or other information from The Waterford's premises, its intranet, its systems, or any Waterford desktop computer on which she worked. Defendant Selders also objects to the time period, July 1, 2021 through the present, as being overbroad where the Complaint states Defendant Selders's employment at The Waterford ended in January 2022, and Plaintiff's Complaint contains no allegations justifying such an expansive time period. This Request No. 21 further implicates the privacy of individuals not party to this Litigation considering Defendant Selders's personal information and that of her family is contained on her personal computers and phones. This Request is the definition of a fishing expedition. Defendant Selders has already agreed to produce any documents in her possession remotely relating to The Waterford or Capital Senior as set forth herein, none of which have been shared

with any third-party, including the named Defendants.  Defendant Selders will not agree to produce items in response to Request No. 21.

**Production Request No. 22:**  Produce for imaging any flash drive, external hard drive or other electronic information storage device in Your possession or control that You used or may have used during the period of July 1, 2021, through the present, which may have any information regarding your dealings with Capital Senior, Meridian, or Maumee Point.

**RESPONSE:**  Defendant Selders objects to Request No. 22 on the ground it is overbroad, unduly burdensome, not relevant, overly intrusive, and not proportional to the needs of the case. Plaintiff has not provided any reason in its Complaint or otherwise as to how and why any flash drive, external hard drive, or other electronic information storage device are related to the claims and/or defenses of this Litigation.  There are no allegations Defendant Selders improperly removed any property, documents, or other information from The Waterford's premises, its intranet, its systems, or any Waterford desktop computer on which she worked via a flash drive, external hard drive, or other electronic information storage device.  This Request is the definition of a fishing expedition.  Defendant Selders has already agreed to produce any documents in her possession remotely relating to The Waterford or Capital Senior as set forth herein, none of which have been shared with any third-party, including the named Defendants.

Subject to and without waiving the foregoing and the General Objections, Defendant Selders states she has no flash drive, external hard drive, or any other electronic information storage device containing information relevant to The Waterford, Capital Senior, or this Lawsuit in her possession.

**Production Request No. 23:**  Any and all documents that You plan to use as exhibits at trial.

**RESPONSE:**  Defendant Selders objects to Request No. 23 on the ground it is premature. Subject to and without waiving the foregoing and the General Objections, Defendant Selders agrees to supplement her Response and produce responsive documents to this Request as discovery

continues and/or as required by any Court-imposed deadlines or otherwise.

**Production Request No. 24:** Any and all documents that relate to any person You intend to call as an expert witness at trial in this action, including but not limited to, the expert's curriculum vitae, report, and all documents You provided to the expert.

     **RESPONSE:** Defendant Selders objects to Request No. 24 to the extent is seeks information and items protected by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects to this Request on the ground it is premature. Subject to and without waiving the foregoing and the General Objections, Defendant Selders agrees to supplement her Response and produce responsive documents to this Request as discovery continues and/or as required by any Court-imposed deadlines or otherwise.

**Production Request No. 25:** All documents not otherwise produced that relate in any way to the allegations contained in the Complaint.

     **RESPONSE:** Defendant Selders objects to Request No. 25 on the ground it is overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case. Defendant Selders further objects to this Request on the grounds it is duplicative of the many other Requests herein. Specifically, it seeks documents and electronic information which are not properly limited in scope or topic in that the request seeks "all" documents that relate in any way to the allegations contained in the Complaint. Defendant Selders further objects to this Request on the ground it seeks items outside of her possession, custody or control. Defendant Selders cannot be expected to have "all documents" that relate in any way to Plaintiff's allegations contained in the Complaint. This is especially true where not all causes of action stated in the Complaint are brought against Defendant Selders alone. Furthermore, Defendant Selders cannot be made to guess what "relate[s] in any way to the allegations contained in the Complaint."

     Subject to and without waiving the foregoing and the General Objections, Defendant Selders directs Plaintiff to the documents produced contemporaneously herewith and those

produced on a rolling basis.

Dated:  January 13, 2023

Respectfully submitted,

By:  */s/ Kevin M. Cloutier*

Kevin M. Cloutier, Esq. (*Admitted Pro Hac Vice*)
Mikela T. Sutrina, Esq. (*Admitted Pro Hac Vice*)
Victoria Hubona, Esq. (*Admitted Pro Hac Vice*)
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
321 North Clark Street, 32nd Floor
Chicago,  IL 60654
Tel: (312) 499-6300
Fax: (312) 499-6301
kcloutier@sheppardmullin.com
msutrina@sheppardmullin.com
vhubona@sheppardmullin.com

David A. Riepenhoff, Esq.
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP**
7775 Walton Parkway, Suite 200
New Albany, Ohio 43054
Tel: (614) 221-1216
Fax: (614) 221-8769
driepenhoff@fisheldowney.com

*Counsel for Defendant Heather Barnhiser, Ellie Selders, Meridian Senior Living, LLC and Maumee Pointe, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 13, 2023 a copy of Defendant Ellie Selders' Answers and Objections to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents and Things to Defendant Ellie Selders was served via e-mail upon the following parties:

Joseph N. Gross
Richard Hepp
Benesch, Friedlander, Coplan & Aronoff LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
jgross@beneschlaw.com
rhepp@beneschlaw.com
*Attorneys for Plaintiff Capital Senior Living, Inc.*

*/s/ Victoria W. Hubona*
One of the Attorneys for Defendants

## **<u>VERIFICATION</u>**

I verify, under penalty of perjury, that the foregoing is true and correct to the best of my

knowledge, information and belief.

DocuSigned by:

Ellie S. Selders

C089518134CE445...

_____

Ellie Selders

1/12/2023

_____

Date

**DocuSign**

## Certificate Of Completion

Envelope Id: 418060385DBF4323BAF979CD18DB2EF8                    Status: Completed
Subject: 'Selders - Verification Page' for signature
Source Envelope:
Document Pages: 1                    Signatures: 1                    Envelope Originator:
Certificate Pages: 4                 Initials: 0                     Mikela Sutrina
AutoNav: Enabled                                                    333 South Hope Street, 43rd Floor
EnvelopeId Stamping: Disabled                                      Los Angeles, CA  90071
Time Zone: (UTC-08:00) Pacific Time (US & Canada)                  msutrina@sheppardmullin.com
                                                                   IP Address: 44.235.189.109

## Record Tracking

Status: Original                     Holder: Mikela Sutrina                  Location: DocuSign
         1/12/2023 5:57:55 PM                 msutrina@sheppardmullin.com

| Signer Events | Signature | Timestamp |
| --- | --- | --- |
| Ellie Selders<br>selders60@gmail.com<br>Security Level: Email, Account Authentication<br>(None) | *Ellie S. Selders*<br>DocuSigned by:<br>C089518134CE445...<br><br>Signature Adoption: Drawn on Device<br>Using IP Address: 71.74.72.186<br>Signed using mobile | Sent: 1/12/2023 5:58:40 PM<br>Viewed: 1/12/2023 6:04:16 PM<br>Signed: 1/12/2023 6:04:41 PM |

Electronic Record and Signature Disclosure:
    Accepted: 1/12/2023 6:04:16 PM
    ID: e5b87249-bfe4-431e-a4c4-f2fda5ee01b9

| In Person Signer Events | Signature | Timestamp |
| --- | --- | --- |

| Editor Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Agent Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Intermediary Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Certified Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Carbon Copy Events | Status | Timestamp |
| --- | --- | --- |

| Witness Events | Signature | Timestamp |
| --- | --- | --- |

| Notary Events | Signature | Timestamp |
| --- | --- | --- |

| Envelope Summary Events | Status | Timestamps |
| --- | --- | --- |
| Envelope Sent | Hashed/Encrypted | 1/12/2023 5:58:40 PM |
| Certified Delivered | Security Checked | 1/12/2023 6:04:16 PM |
| Signing Complete | Security Checked | 1/12/2023 6:04:41 PM |
| Completed | Security Checked | 1/12/2023 6:04:41 PM |

| Payment Events | Status | Timestamps |
| --- | --- | --- |

**Electronic Record and Signature Disclosure**