# EXHIBIT H



Joseph N. Gross
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Direct Dial: 216.363.4163
Fax: 216.363.4588
jgross@beneschlaw.com



*Labor and Employment*

February 6, 2023

**VIA EMAIL ONLY**
Kevin M. Cloutier, Esq.
Mikela T. Sutrina, Esq.
Victoria Hubona, Esq.
Sheppard Mullin Richter & Hampton LLP
321 North Clark Street, 32nd Floor
Chicago, IL 60654
kcloutier@sheppardmullin.com
msutrina@sheppardmullin.com
vhubona@sheppardmullin.com

David A. Riepenhoff, Esq.
Fishel Downey Albrecht & Riepenhoff LLP
7775 Walton Parkway, Suite 200
New Albany, OH 43054
driepenhoff@fisheldowney.com

   Re: *Capital Senior Living, Inc. v. Heather Barnhiser, et al.*, Case No. 3:22-CV-00606
      Defendants' Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents and Things – Request to Meet and Confer

Dear Counsel:

  Plaintiff Capital Senior Living, Inc. ("Capital Senior") has concerns regarding the responses of Defendants Heather Barnhiser, Ellie Selders, Meridian Senior Living, LLC ("Meridian"), and Maumee Pointe, LLC ("Maumee Point" and, collectively with Meridian, the "Corporate Defendants") to Capital Senior's First Set of Interrogatories and Requests for Production of Documents and Things ("Discovery Requests"). Please accept this letter as an effort to begin a prompt meet and confer process regarding the following deficiencies without the need for the Court's intervention:

### INTERROGATORIES

1. **Barnhiser's Answers to Interrogatory Nos. 6, 10, and 11; Selders' Answers to Interrogatory Nos. 9, 11, 13, and 14; and the Corporate Defendants' Answers to Interrogatory Nos. 7, 9, 10, 11, 12, and 13.** These Interrogatories seek the identification of communications between the parties, including communications between the Corporate Defendants and Barnhiser; the Corporate Defendants and Selders; Capital Senior and Barnhiser; Capital Senior and Selders; the Corporate Defendants and any former or current employees or residents of Capital Senior; Barnhiser and former or current employees or residents of Capital Senior; and Selders and any former or current employees or residents of Capital Senior. Defendants assert

February 6, 2023
Page 2

various objections and then state that they will "supplement [their] Answer to this Interrogatory with either a privilege log or non-privileged, responsive documents." Although Capital Senior appreciates that Defendants will produce non-privileged documents, their answers fail to identify any relevant, non-privileged oral communications. Capital Senior is entitled to information regarding any relevant conversations. Accordingly, Capital Senior requests that Defendants supplement their answers to these Interrogatories to identify any relevant, non-privileged oral conversations, including a statement regarding the date of each conversation, the general nature and description of each conversation, the subject matter of each conversation, and the name of the persons who engaged in the conversation.

2. **Barnhiser's Answers to Interrogatory Nos. 17 and 18; Selders' Answers to Interrogatory Nos. 20 and 21; and the Corporate Defendants' Answers to Interrogatory Nos. 21 and 22.** These Interrogatories seek the identification of documents and electronically stored information ("ESI") related to certain communications. Defendants assert various objections and then answer by stating they "will not agree to produce information in response to [the Interrogatory] as drafted." Capital Senior believes the Interrogatories are narrowly tailored as drafted. However, it believes that mutually agreeable search terms would alleviate Defendants' concerns. Accordingly, Capital Senior requests that Defendants meet and confer to discuss the referenced Interrogatories and mutually agreeable search terms for ESI.

3. **Barnhiser's, Selders' and the Corporate Defendants' Answers to Interrogatories Based on Fed. R. Civ. P. 33(d).** Capital Senior requests that Barnhiser, Selders, and the Corporate Defendants confirm that they will comply with Fed. R. Civ. P. 33(d) in answering Capital Senior's interrogatories by "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could."

## PRODUCTION REQUESTS

1. **The Corporate Defendants' Responses to Production Requests Nos. 6 and 7.** These Requests seek documents, communications, and ESI regarding communications between the Corporate Defendants and Barnhiser and the Corporate Defendants concerning residents or employees of Capital Senior. The Corporate Defendants assert various objections and then state that they have not provided Barnhiser, and Barnhiser has not provided them, any documents or ESI related to The Waterford or Capital Senior. Conspicuously absent is any reference to communications concerning the residents or employees of Capital Senior. Capital Senior is entitled to those communications. Accordingly, Capital Senior requests that the Corporate Defendants supplement their production with any relevant, non-privileged communications concerning the residents or employees of Capital Senior.

2. **Barnhiser's Responses to Production Requests Nos. 17, 19, and 20; and Selders' Responses to Production Requests Nos. 19, 21, and 22.** These Requests seek production of any computer, phone, or electronic storage device that was used by

February 6, 2023
Page 3

        Barnhiser and Selders, as well as their phone records. Barnhiser and Selders state they will not produce these items. Instead, Barnhiser and Selders state that they have already agreed to produce any documents in their possession related to The Waterford or Capital Senior. Capital Senior is entitled to search these devices for relevant documents and communications, including text and social media messages, as well as investigate whether Barnhiser or Selders transferred Capital Senior's confidential information and trade secrets using these devices. Further, since Barnhiser and Selders both state that they had a practice of deleting text messages regardless of the sender and only ceased that practice once Capital Senior filed its lawsuit, Capital Senior is entitled to forensically examine these devices for evidence of deleted text messages and their stated routine of deleting text messages from all senders. Accordingly, Capital Senior requests that the Defendants meet and confer on a process to image and forensically examine Barnhiser's and Selders' personal computers, phones, and electronic storage devices. Any search would be done by a third-party vendor using protocols that protect personal or privileged information from disclosure. Finally, Capital Senior is entitled to Barnhiser's and Selders' phone records so that it can determine the extent to which they communicated with the Corporate Defendants or Capital Senior's residents and employees prior to and after they left Capital Senior.

    Pursuant to Fed. R. Civ. P. 37(a)(1) and L. Civ. R. 37.1(a)(1), this letter represents a good faith effort to address the foregoing deficiencies. Please supplement the answers and responses to Capital Senior's Discovery Requests within ten (10) calendar days. We appreciate Defendants' prompt attention and are hopeful that any differences can be resolved without unnecessary motion practice. We look forward to scheduling a meeting promptly this week to discuss.

                                                    Very truly yours,

                                                    **BENESCH, FRIEDLANDER,**
                                                    **COPLAN & ARONOFF LLP**

                                                    *Joseph N. Gross*

                                                   Joseph N. Gross

JNG:aag

20771575 v2