# EXHIBIT I

**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
321 North Clark St., 32nd Floor
Chicago, Illinois 60654
312.499.6300 main
312.499.6301 fax
www.sheppardmullin.com

312.499.6348 direct
msutrina@sheppardmullin.com

February 16, 2023

**VIA E-MAIL**

Joseph N. Gross
Richard E. Hepp
Benesch, Friedlander, Coplan & Aronoff LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378

Email:  jgross@beneschlaw.com
        rhepp@beneschlaw.com

Re:   *Capital Senior Living, Inc. v. Heather Barnhiser, et al.*, Case No. 3:22-CV-00606
      Discovery Concerns

Dear Counsel:

We write in reply to your February 6, 2023 letter concerning Defendants' Responses to Plaintiff's First Sets of Interrogatories and Requests for Production of Documents and Things.  As noted in my email, we hope to resolve many of these issues in a "meet and confer" next week.   We will work to schedule this call the week of February 20, 2023.  In advance of our meeting, we respond to your letter in an attempt to streamline many of the issues.

**Barnhiser's Answers to Interrogatory Nos. 6, 10, and 11; Selders's Answers to Interrogatory Nos. 9, 11, 13, and 14; and the Corporate Defendants' Answers to Interrogatory Nos. 7, 9-13**

Defendants continue to review ESI and other documents that may be responsive to the above-referenced Interrogatories.  As you can imagine, not all communications are committed to memory and correspondingly necessitate more comprehensive searches, but we agree to supplement any responses as responsive documents (if any) are located.  Defendants will also supplement their respective Interrogatory responses with the production of non-privileged, responsive documents (and references to the applicable Bates-labels), to the extent any such documents exist, and/or produce a privilege log, to the extent such a privilege log is necessary for any responsive communications.

**Barnhiser's Answers to Interrogatory Nos. 17 and 18; Selders's Answers to Interrogatory Nos. 20 and 21; and the Corporate Defendants' Answers to Interrogatory Nos. 21 and 22**

Defendants maintain the above-referenced Interrogatories are overbroad, disproportional to the needs of the case, and irrelevant.  Nonetheless, we agree to discuss the referenced Interrogatories in our "meet and confer" conversation and then, perhaps, agree to mutually agreeable search terms.

**SheppardMullin**

February 16, 2023
Page 2

### Barnhiser's, Selders' and the Corporate Defendants' Answers to Interrogatories Based on Fed. R. Civ. P. 33(d)

Defendants will supplement any Interrogatory responses relying on the production of records with reference to the relevant Bates-labeled document(s).

### The Corporate Defendants' Responses to Production Requests Nos. 6 and 7

Production Requests Nos. 6 and 7 to Meridian and Maumee Pointe request, among other things, communications "provided" by Meridian and Maumee Pointe to Heather Barnhiser, and vice versa, concerning Capital Senior. Neither Meridian and Maumee Pointe nor Ms. Barnhiser have "provided" each other communications concerning Capital Senior. To the extent you believe these Requests capture communications *by and among* Meridian, Maumee Pointe, and Ms. Barnhiser concerning Capital Senior, such requests are captured in Plaintiff's other discovery requests and are addressed in Defendants' respective Responses and Objections.

### Barnhiser's Responses to Productions Requests Nos. 17, 19, and 20; and Selders's Responses to Production Requests Nos. 19, 21, and 22

Defendants will not produce the information/devices requested in the above-referenced Requests. Defendants have no obligation to turn over their personal devices, and Plaintiff's request in this respect is wholly improper. Plaintiff has made no allegations in its Complaint indicating either Defendant Barnhiser or Defendant Selders took any of Capital Senior's Confidential Information. And Plaintiff has not alleged that either possess any such information on their personal devices. Furthermore, Plaintiff has not claimed that Defendant Selders provided a third-party with any Capital Senior Confidential Information. Quite simply, these requests can only be described as harassing. They are also burdensome, disruptive, and intrusive, again, especially considering there are no facts suggesting Capital Senior's Confidential Information resides on any of these devices. *See Scotts Co. LLC v. Liberty Mut. Ins. Co.*, No. 2:06-CV-899, 2007 U.S. Dist. LEXIS 43005, at *6 (S.D. Ohio June 12, 2007) (finding examination of a party's device based on mere suspicion the party is withholding discoverable information is "entirely insufficient").

Defendant Barnhiser did not have a personal laptop on which she performed Capital Senior work. Nor did she not work at home. And she only used her office desktop computer. Indeed, as your client well knows, Kelly Ebersbach physically watched Defendant Barnhiser pack her office before being escorted out of the Waterford. There is no suggestion Defendant Barnhiser took anything with her when she left. For her part, Defendant Barnhiser deleted her Capital Senior email account from her cell phone on her last day of employment. Neither Defendant Barnhiser nor Defendant Selders have "electronic storage devices" with Capital Senior information. If Capital Senior has information to the contrary, please advise. Finally, Defendants have already provided all text messages in their possession and are working with their respective service providers to determine if it is possible to retrieve any text messages not currently stored on their devices. Accordingly, we do not agree production of Defendants Barnhiser's and Selders's computers, phones, or electronic storage devices is appropriate or necessary.

**SheppardMullin**

February 16, 2023
Page 3

We are hopeful our responses will satisfy any concerns Plaintiff has. We look forward to engaging in a meet and confer on the remaining outstanding issues, and we look forward to speaking next week.

Very truly yours,

*Mikela T. Sutrina*

Mikela T. Sutrina
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

SMRH:4883-8267-7841.2