# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| CAPITAL SENIOR LIVING, INC., | ) | Case No. 3:22-CV-00606 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES G. CARR |
| | ) | |
| vs. | ) | |
| | ) | **[PROPOSED] ORDER** |
| HEATHER BARNHISER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

For good cause shown, Plaintiff Capital Senior Living, Inc.'s Motion to Compel Defendants Heather Barnhiser and Ellie Selders to Produce Mobile Devices is granted, and it is hereby ORDERED as follows:

1. Vestige Ltd. ("Vestige") is hereby appointed by the Court as the neutral electronic information expert in this matter. Defendants Heather Barnhiser and Ellie Selders will identify and produce on or before _____, 2023 to Vestige their mobile devices owned by or used by them for personal purposes or business during the period of July 1, 2021 through the present (collectively, the "Devices"). Vestige will make mirror images of the memory hardware within the Devices.

2. Vestige will conduct a forensic evaluation of the mirror images of the of the Devices to determine (a) the presence, evidence of past presence, or evidence of a transfer or attempted transfer of any information belonging to Plaintiff; (b) the presence, evidence of past presence, or evidence of Barnhiser's and Selders' competitive endeavors with Defendants Meridian Senior Living, LLC ("Meridian") and Maumee Pointe, LLC ("Maumee Pointe"; collectively, with Barnhiser, Selders, and Meridian, "Defendants"); (c) the presence, evidence of past presence, or evidence of Barnhiser's and Selders' use of any system cleaning or wiping

software; and (d) the presence, evidence of past presence, or evidence of Barnhiser's and Selders' spoliation of evidence that is in any way relevant to this matter.  This evaluation will be conducted by utilizing search terms supplied by Plaintiff to Vestige and Defendants, and such other forensic procedures that may be recommended by Vestige.  Plaintiff will provide search terms to be utilized for this purpose to Defendants, on or before _____, 2023.  Barnhiser and Selders shall have three (3) days to object to any search terms proposed by Plaintiff.  If Barnhiser or Selders object to a particular search term, the parties will attempt to resolve such objection and, if unable to do so, the issue will be submitted to the Court for resolution.

      3.      The documents and information obtained by Vestige shall be held in confidence and will not be disclosed to any third party except as described in paragraph 5 hereof.

      4.      Barnhiser and Selders will retain, and not destroy, all existing phone records, electronically stored information, backup media or other information storage records, and shall otherwise retain all information and potential evidence relevant to this matter until the mirror imaging is completed by Vestige.

      5.      Vestige will notify Plaintiff and Defendants when it has completed its review.  Upon such completion, Vestige will supply Barnhiser and Selders with all information responsive to the search terms and which, in the judgment of Vestige, may be relevant to the issues set forth in paragraph 2.  Barnhiser and Selders shall have five (5) days to review such information and object to the disclosure of information that they believe is privileged or otherwise not discoverable.  Barnhiser and Selders will create and submit to counsel for Plaintiff, counsel for Meridian and Maumee Point, and Vestige a log of all such information objected to in a form sufficient to allow counsel for Plaintiff to determine the nature of the information involved and the privilege or other objection asserted.  Upon receipt of the log from Barnhiser and Selders, Vestige will make all other

information obtained available to Plaintiff's and Meridian's and Maumee Point's counsel. The parties will attempt to resolve any disputes regarding the disclosure of information objected to by Barnhiser and Selders. If the parties cannot reach agreement the information will be submitted to the Court, in camera, for a ruling. If any party intends to call Vestige as a witness in any hearing or at trial, it must first produce a written expert report at the party's expense.

6. Any party desiring to have its own expert examine the mirror images obtained by Vestige will attempt to agree with the other party concerning the parameters of such examination. If the parties cannot agree to such parameters, the matter will be submitted to the Court for resolution.

7. Vestige shall maintain the mirrored images and any other material generated by it throughout the pendency of this matter, including all appeals. At the final conclusion of this matter Plaintiff's and Defendants' counsel shall certify such conclusion to Vestige and Vestige shall destroy the mirrored images and any other material it may generate.

8. The cost of the copying of the Devices and the review thereof shall initially be borne by Plaintiff subject to Plaintiff's right to move the Court for an award of such costs against Barnhiser and Selders at any time.

**SO ORDERED:**

Date:_____  _____
JUDGE JAMES G. CARR